**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| **HERMAN GREINSTEIN, Individually and For Others Similarly Situated,**<br><br>v.<br><br>**GRANITE SERVICES INTERNATIONAL, INC., GENERAL ELECTRIC CO., and FIELDCORE SERVICES SOLUTIONS, LLC** | **Case No. _____**<br><br>**Jury Trial Demanded**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff Herman Greinstein ("Greinstein") brings this lawsuit to recover unpaid overtime wages and other damages owed under the Fair Labor Standards Act ("FLSA") and applicable state law.

2. Granite Services International, Inc. ("Granite"), which recently rebranded to become FieldCore Service Solutions International LLC ("FieldCore") operates as an affiliate or subsidiary of General Electric Co. ("GE") (collectively, "Defendants"). Defendants failed to pay Greinstein, and other workers like him, overtime as required. Greinstein, and the other workers like him, typically worked over 40 hours per week, but Defendants did not pay these workers overtime for hours worked in excess of 40 hours in a single workweek.

3. Instead, Defendants paid Greinstein, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek. This "straight time for overtime" pay plan violates the overtime requirements of the FLSA. See 29 U.S.C. § 201 *et seq.*

4. Greinstein brings this collective action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

7. Greinstein performed work for Defendants in Friona, Parmer County, Texas, which is in this District and Division.

## THE PARTIES

8. Greinstein was an hourly employee of Defendants. Throughout his employment with these entities, he was paid an hourly rate with no overtime compensation. His written consent is attached as Exhibit A.

9. Greinstein brings this action on behalf of himself and all other similarly situated hourly employees paid straight time for overtime, under the collective action provisions of the FLSA (the "Putative Class Members"). See 29 U.S.C. §216(b). The Putative Class Members were subjected to the same FLSA violations as Greinstein and is properly defined as:

> All employees of GE, Fieldcore, and Granite Services who were paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single work week, (or, "straight time for overtime") at any point in the past 3 years.

10. The Putative Class Members are easily ascertainable from Defendants' business and personnel records.

11. Granite Services is a foreign for-profit corporation authorized to do business in Texas. Granite Services may be served with process by serving its registered agent at CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

12. FieldCore is a foreign limited liability company authorized to do business in Texas. FieldCore may be served with process by serving its registered agent at CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

13. GE is a foreign for-profit corporation authorized to do business in Texas. GE may be served with process by serving its registered agent at CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## COVERAGE UNDER THE FLSA

14. At all relevant times, Defendants were employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, Defendants were enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

17. At all relevant times, Defendants had an annual gross volume of sales made in excess of $5,000,000.

18. At all relevant times, Greinstein and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## THE FACTS

19. GE is a multi-billion-dollar corporation.

20. FieldCore is a subsidiary of GE.

21. Granite Services recently re-branded as FieldCore.

22. FieldCore is a newly formed company bringing together the field service resources from Granite Services, International, Inc. and GE Power Services into one field services organization.[1]

23. Defendants provide field services and technical and support services for the power generation and oil and gas industries.

24. Greinstein was an hourly employee of Defendants.

25. Greinstein worked for Defendant from August 2016 until August 2017.

26. Greinstein worked as a field manager and project manager for Defendants.

27. If Greinstein didn't work, he didn't get paid.

28. Defendants paid Greinstein by the hour.

29. Greinstein was paid $45.00 per hour.

30. Greinstein was not paid a salary.

31. Greinstein reported the hours he works to Defendants on a regular basis.

32. The hours Greinstein worked are reflected in Defendants' records.

33. If Greinstein worked fewer than 40 hours in a week, he is only paid only for the hours he worked.

34. For example, in the pay period ending on October 16, 2016, Greinstein was credited for working 8 hours.

35. Greinstein was paid for those 8 hours at his hourly rate of $45 an hour.

36. Greinstein regularly worked more than 40 hours in a week.

37. For example, in the pay period ending on November 20, 2016, Greinstein was credited for working 88 hours.

38. Defendants paid Greinstein for those 88 hours at the same hourly rate of $45 an hour.

---

[1] https://www.linkedin.com/company/granite-services/ (last visited October 29, 2018).

39. Defendants paid Greinstein at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

40. Rather than receiving time and half as required by the FLSA, Greinstein only received "straight time" pay for overtime hours worked.

41. This "straight time for overtime" payment scheme violates the FLSA.

42. Defendants were and are aware of the overtime requirements of the FLSA.

43. Defendants nonetheless failed to pay certain hourly employees, such as Greinstein, overtime.

44. Defendants' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

45. Defendants' illegal "straight time for overtime" policy extends beyond Greinstein.

46. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

47. Defendants have paid and pay hundreds of hourly workers using the same unlawful scheme.

48. Any differences in job duties do not detract from the fact that these hourly workers are entitled to overtime pay.

49. The workers impacted by Greinstein's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION

50. By failing to pay Greinstein and the Putative Class Members overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

51. Defendants owe Greinstein and the Putative Class Members the difference between the rate actually paid and the proper overtime rate.

52. Because Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA, they owe these wages for at least the past three years.

53. Defendants are liable to Greinstein and the Putative Class Members an amount equal to all unpaid overtime wages as liquidated damages.

54. Greinstein and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

55. Greinstein prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

   b. Judgment awarding Greinstein and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

   c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. All such other and further relief to which Greinstein and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    mjosephson@mybackwages.com
    **Andrew Dunlap**
    State Bar No. 24078444
    adunlap@mybackwages.com
    **Richard M. Schreiber**
    State Bar No. 24056278
    rschreiber@mybackwages.com
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH, PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**