IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HERMAN GREINSTEIN, Individually and For Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:18-CV-208-D-BR |
| GRANITE SERVICES INTERNATIONAL, INC., and FIELDCORE SERVICES SOLUTIONS, LLC, | § § § § § | |
| Defendants. | § § | |

### SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY WITHOUT PREJUDICE AS MOOT DEFENDANTS' MOTION TO DISMISS

This Court previously issued a Findings, Conclusions, and Recommendation on a Motion to Dismiss filed by Defendants Granite Services International, Inc. ("Granite Services") and FieldCore Services Solutions, LLC ("FieldCore") (collectively, "Defendants"). [ECF 27 and 9, respectively].[1] The Court deems it appropriate to issue these Supplemental Findings, Conclusions, and Recommendation on the Motion to Dismiss in light of a subsequently filed amended pleading. For the reasons explained below, the Court recommends that the Motion to Dismiss be DENIED without prejudice as moot.

### I. BACKGROUND

Plaintiff Herman Greinstein ("Plaintiff") initiated this case by filing his Complaint in the Amarillo Division of this Court on November 2, 2018. [ECF 1]. Plaintiff's Complaint brought an overtime claim against Defendants, his former employers, under the Fair Labor Standards Act

---

[1] After this Court issued its Findings, Conclusions, and Recommendation on the Motion to Dismiss, General Electric Co.—a signatory to the Motion to Dismiss and other various filings—was removed as a defendant in this litigation by an amended pleading. *See* [ECF 31].

("FLSA").

On December 4, 2018, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF 9]. Plaintiff filed a timely Response to the Motion to Dismiss on January 7, 2019, [ECF 14], to which Defendants replied on January 22, 2019, [ECF 20]. On March 22, 2019, the undersigned issued a Findings, Conclusion, and Recommendation which recommended that Defendants' Motion to Dismiss be granted in part and denied in part. [ECF 27]. On April 5, 2019, Plaintiff filed his objections to the Findings, Conclusions, and Recommendation. [ECF 28].

On April 11, 2019, Plaintiff and Defendants filed a Joint Motion to Amend the Scheduling Order ("Joint Motion to Amend"). [ECF 29]. Among other things, the Joint Motion to Amend provided that Plaintiff would file an Amended Complaint on or before April 19, 2019, to amend the allegations placed at issue by the March 22, 2019, Findings, Conclusions, and Recommendation. On April 15, 2019, the Court granted the parties' Joint Motion to Amend. [ECF 30]. Plaintiff timely filed his First Amended Complaint on April 19, 2019. [ECF 31].

## II. ANALYSIS

"Courts in the Northern District of Texas generally adhere to the school of thought that an amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss the original complaint." *Garcia v. City of Amarillo, Texas*, No. 2:18-CV-95-D-BR, 2018 WL 6272461, at *1 (N.D. Tex. Oct. 29, 2018), *findings, conclusions, and recommendation adopted*, No. 2:18-CV-095-D, 2018 WL 6268222 (N.D. Tex. Nov. 30, 2018). "However, a motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint." *New

*World Int'l, Inc. v. Ford Glob. Techs., LLC*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017).

The Court, having carefully reviewed Plaintiff's First Amended Complaint and Defendants' Motion to Dismiss Plaintiff's Complaint, concludes that Defendants' Motion to Dismiss should be denied as moot. However, because the Court previously granted the parties' Joint Motion to Amend, the undersigned recommends that a denial of Defendants' Motion to Dismiss should be without prejudice. *See Xtria, LLC v. Int'l Ins. All. Inc.*, No. CIV.A.309-CV-2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot.").

## III.  RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that Defendants' Motion to Dismiss [ECF 9] be DENIED without prejudice as moot. It is further RECOMMENDED that the Senior District Judge remand the March 22, 2019, Findings, Conclusions, and Recommendation to the undersigned to be withdrawn by her.

***

The Court notes that the parties may, if they so choose, file a joint notice waiving their right to object to these Supplemental Findings, Conclusions, and Recommendation.

## IV.  INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Supplemental Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 22, 2019.

*[signature: Lee Ann Reno]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).