IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HERMAN GREINSTEIN, | § § | |
| Plaintiff, | § § | |
| v. | § § | 2:18-CV-208-Z-BR |
| GRANITE SERVICES INTERNATIONAL, INC. and FIELDCORE SERVICES SOLUTIONS, LLC, | § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO GRANT PLAINTIFF'S MOTION TO STRIKE AND DENY WITHOUT
PREJUDICE PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

Before the Court is Plaintiff Herman Greinstein's ("Greinstein's") Motion to Strike (ECF 43) and Motion for Conditional Certification and Court-Authorized Notice (ECF 34). The undersigned RECOMMENDS the Motion to Strike be GRANTED and the Motion for Conditional Certification and Court-Authorized Notice be DENIED without prejudice to refiling. Defendants Granite Services International, Inc. ("Granite") and Fieldcore Services Solutions, LLC ("Fieldcore") (collectively "the Defendants") filed joint responses to both motions, and Greinstein filed replies to each response. Additionally, Greinstein and the Defendants each filed a notice of supplemental authority.

### I.  CASE OVERVIEW

This is an overtime compensation dispute arising under the Fair Labor Standards Act ("FLSA"). Greinstein seeks to bring these claims as a "collective action" under 29 U.S.C. § 216(b) of the FLSA. Greinstein moves for conditional certification and court-authorized notice to similarly situated employees, specifically field service employees who were paid the same hourly

rate for all hours worked—including hours over 40 hours per week—in the three years preceding certification.

The Defendants argue Greinstein failed to meet his burden to show proposed class members are similarly situated. Greinstein moves to strike portions of affidavits submitted as part of the Defendants' response to the Motion for Conditional Certification. The affidavits discuss the documents at issue in the discovery dispute, which the Defendants did not produce. The Court has contemporaneously entered a separate Order addressing Greinstein's Motion to Compel and the related discovery disputes.

## II.   FACTUAL BACKGROUND[1]

Greinstein was employed by the Defendants from August 2016 to June 2017 as a Safety Manager. (ECF 34-1, 2, ¶3). Greinstein asserts that he was paid at a pay rate of $45 per hour and was always paid on an hourly basis. (ECF 34-1, 2-3, ¶4). Greinstein claims he was also only paid his standard rate of $45 per hour for the frequent overtime hours he performed. (ECF 34-1, 3-4, ¶8). The Defendants alternatively assert that Greinstein was an "exempt" employee under the FLSA in his position as an Environmental Health and Safety Department ("EHS") Manager or Site Safety Specialist. (ECF 38-1, 3, ¶5). The Defendants claim that Greinstein was paid a set salary of $1800 per week (but only for weeks he performed *some* work) with "incentives" to work more than 40 hours a week for additional pay. (ECF 38-1, 6-7, ¶19).

Greinstein asserts that other EHS Managers are also paid their regularly hourly rate for any overtime hours worked. (ECF 34-1, 4, ¶10). The Defendants claim that their EHS Managers are

---

[1] ECF 34-1 – 34-6 contain Greinstein's appendices in support of his Motion for Conditional Certification. ECF 38-1 – 38-2 form the Defendants' collective evidence to their joint Response to the Motion for Conditional Certification. ECF 43-1 – 44-3 form appendices in support of Greinstein's Motion to Strike, and ECF 45-1 – 45-3 form the appendices to the joint response to the Motion to Strike. Citations will refer to the specific ECF location of documentation attached to motions, responses, replies or notices.

highly specialized and skilled workers and that each EHS Manager's position involves different risks and responsibilities. (ECF 38-1, 3, ¶7). The parties dispute the Defendants' various compensation plans for EHS Managers and payment practices in both the Motion to Compel and the Motion to Strike.

### III. FLSA COLLECTIVE ACTIONS

The FLSA requires covered employers to pay nonexempt employees overtime rates for time worked in excess of statutorily-defined hour limits. *Velazquez v. El Pollo Regio IP*, LLC, No. 3:15-CV-03170-M, 2016 WL 3669876, at *2 (N.D. Tex. July 11, 2016) (Lynn, J.) (citing 29 U.S.C. § 207(a)). Employers who violate this overtime compensation requirement may be sued in a collective action by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

#### i. Framework for Collective Actions Under the FLSA

A collective action is similar to a class action brought under Rule 23 of the Federal Rules of Civil Procedure, but in an FLSA "collective action" the other employees do not become plaintiffs in the action unless and until they consent in writing or "opt-in" to the lawsuit. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008); *see also Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003) (an action brought under the FLSA follows an "opt-in" rather than the "opt-out" procedure under Rule 23 class action suits). The Fifth Circuit Court of Appeals described the interplay between FLSA collective actions and Rule 23 class actions:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 216(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 216(b) of FLSA, on the other hand, no person

> can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent.

*LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) (per curiam).

The effect of conditional class certification is to issue notice. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74-75 (2013) (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 171-72 (1989) (interpreting provision of ADEA that incorporated relevant portions of the FLSA)). Whether courts issue notice is entirely within their discretion. *Valcho v. Dallas Cnty Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008) ("[D]istrict courts may, in their discretion, facilitate notice to potential plaintiffs of their right to opt-in to the suit.") (citing *Hoffmann-La Roche*, 493 U.S. at 169); *see also McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 800 (S.D. Tex. 2010) ("District courts have discretion in deciding whether to order notice to potential plaintiffs. Notice does not issue unless a court conditionally certifies the case as a collective action.") (citations omitted); *Farasat v. RP Managing Partners, LLC*, No. 3:13-CV-270-L, 2014 WL 12588306, at *2 (N.D. Tex. Nov. 13, 2014) (same). However, the court should only conditionally certify a class and order that notice be sent if the plaintiffs show that other employees are "similarly situated." *Songer v. Dillon Resources, Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008).

Courts generally use one of two approaches to determine whether to authorize notice to similarly situated employees: the "two-step" analysis developed in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), or the "spurious" class action procedure discussed in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995)). The Fifth Circuit Court of Appeals has never specifically endorsed either methodology. *Songer*, 569 F. Supp. 2d at 706. It reviewed both in *Mooney*,

but ultimately found it unnecessary to decide which was appropriate. *Villatoro*, 286 F. Supp. 2d at 809. In *LaChapelle*, the Fifth Circuit stated that "it is crystal clear that § 216(b) precludes pure Rule 23 class actions in FLSA suits." *LaChappelle*, 513 F.2d at 288. Thus, the Fifth Circuit Court of Appeals reasoning favors the *Lusardi* "two-step" method. Therefore, the Court will employ the two-step approach to conditional certification.

### ii. The Two-Step Approach to Certification of Collective Actions

Step one of the *Lusardi* method occurs at the "notice stage" when the district court decides whether to issue notice to potential class members. *Mooney*, 54 F.3d at 1213. The court's decision is often based only on the pleadings and affidavits that have been submitted. *Id*. "Because the court has minimal evidence, this determination is made using a fairly lenient standard" that "typically results in conditional certification of a representative class" providing potential class members with notice and the opportunity to opt-in. *Id*. at 1214 n.8. Still, even this lenient standard seems to require substantial allegations that potential members "were together the victims of a single decision, policy, or plan." *Id*. (citing *Sperling v. Hoffman–La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). And, there must be a factual basis for the allegations in order to satisfy the first step. *See Hall v. Burk*, No. 3:01–CV–2487–H, 2002 WL 413901, at *3 (N.D. Tex. Mar.11, 2002). If the first step is satisfied, a district court conditionally certifies a class; thus, the action proceeds as a collective action during discovery. *Mooney*, 54 F.3d at 1214.

Step two of the *Lusardi* approach usually occurs near the end of discovery when the defendant moves to "decertify" the class. *Id*. (citing *Lusardi*, 118 F.R.D. at 359). A district court then makes another factual determination about whether there are similarly situated employees who opted-in to the suit. *Id*. If the court finds that the employees are similarly

situated, the collective action proceeds. *Id*. at 1214. But, "[i]f the court finds that the employees are not sufficiently similar, the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed on their individual claims." *Id*.

### IV. ANALYSIS

Greinstein argues that the Defendants' failure to produce discovery responses and documentation critically limited Greinstein's ability to meet his burden for conditional certification, given the broad and remedial nature of FLSA actions and the Defendants' attacks on the scope of Greinstein's class. This, Greinstein argues, limited his ability to provide supporting evidence of "similarly situated" potential class members. The Court agrees that additional discovery is needed by Greinstein and the Court to determine whether the class as defined exists. As such, the Court has entered a separate order partially granting Greinstein's Motion to Compel discovery and must deny Greinstein's request for certification of a collective action until the "similarly situated" showing is made.

#### A. Motion to Strike

Greinstein argues that the Defendants failed to produce documents and discovery related to affidavits attached to the response to the Motion for Conditional Certification. Greinstein argues that the failure to produce this information combined with the use of the information in the Defendants' affidavits is prejudicial, and the Court should not use this information to deny conditional certification (specifically where the Defendants' affidavits identify different job duties and different compensation plans for EHS Managers). The Court agrees that using information not produced to Greinstein that distinguishes similarly situated workers prejudices his ability to respond to these claims and identify a collective action.

However, the Court found it unnecessary (as outlined below) to use this information to find Greinstein failed to produce sufficient information at this point to certify a collective action; thus, the issue does not affect the Court's analysis. Despite this, the Court recommends granting the Motion to Strike information contained in affidavits that was not produced to Greinstein before the deadline to reply to the Motion for Conditional Certification.

### B. Conditional Certification

The question before this Court is whether, under the lenient standard of the notice stage, Greinstein, through his pleadings and affidavits, has demonstrated that he is "similarly situated" to the potential class members. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824 (N.D. Tex. 2007). For the class representative to be considered similarly situated to the potential opt-in class members, the class representative must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions. *Id.* at 824-25 (citing *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)). "The positions need not be identical, but similar." *Id.* at 825 (citations omitted). The "similarly situated" requirement of § 216(b) is less stringent than the "similarly situated" requirement of Federal Rule of Civil Procedure 20 and 42. *Id.* (citing *Grayson v. K Mart Corporation*, 79 F.3d 1086, 1096 (11th Cir.), *cert. denied*, 519 U.S. 982 (1996)). "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id.* (citing *Donohue v. Francis Services, Inc.*, Civ. A. No. 041-170, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004) (quoting *Whitworth v. Chiles Offshore Corporation*, Civ. A. No. 92-1504, 1992 WL 235907, at *1 (E.D. La. Sept.2, 1992))).

The Court must satisfy itself that other "similarly situated" individuals justify notice because they desire to opt-in *and* are "similarly situated" with respect to job requirements and with regard to their pay provisions. *Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007) (citing *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)). To make this determination, the main issue before the Court is whether Greinstein's affidavit and pay stubs are sufficient to support certification. In his affidavit, Greinstein argues he frequently worked hours in excess of 40 hours per week, and his excess time was paid at the same rate as his initial 40 hours. (ECF 34-1, 2-4, ¶8). Greinstein also states in his affidavit he has personal knowledge of other employees of the Defendants who were paid "straight time for overtime" like himself, including Greg Barker, Joe Butcher, and Gary Walton.[2] *Id*. at ¶10.

During the notice stage, the Court "makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 287–88 (N.D. Tex. 2012) (citing *Tolentino v. C & J Spec–Rent Services Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010)). Because the court generally has minimal evidence at this stage, the determination is made using a fairly lenient standard and typically results in conditional

---

[2] The Court notes that since the briefing period for the motions subject to this Findings, Conclusions and Recommendation closed, four prospective Plaintiffs have filed notice of consent to be a party under the FLSA. (ECF 52, 53, 55, and 56). None of these new filers were mentioned in the Plaintiff's briefing. Thus, the Court's analysis in determining whether to certify a collective action or grant additional discovery is not affected by these filings, as it is not clear whether Plaintiff now believes additional discovery is unnecessary or Defendants believe it is unwarranted *as a result of* the new filings. Further, the Court notes that both Plaintiff and Defendants have filed Notices of Supplemental Authorities (ECF 49 and 50) concerning certification of a collective action and discovery. The Court is already aware that in some circumstances discovery is denied pre-certification and in others it is granted. The Court, for the reasons set forth herein, agrees that this case poses an instance where limited pre-certification discovery is necessary and does not further address the arguments made in these Notices. The Court also notes that the FLSA allows for multiple plaintiffs to proceed in an action that is not certified as a collective action under the Act. Thus, the permissive joinder of additional plaintiffs is not solely dispositive of a collective action determination.

certification of a representative class. *See id.* (citing *Reid v. Timeless Restaurants, Inc.*, No. 3:09–CV–2481–L, 2010 WL 4627873, at *3 (N.D. Tex. Nov. 5, 2010) (Lindsay, J.)). If the district court conditionally certifies the class, putative class members are then given notice and the opportunity to opt-in. *Id.* (citing *Mooney*, 54 F.3d at 1213–14).

At this stage, courts generally "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan...." *Id.* (citing *Mooney*, 54 F.3d at 1214 n.8). "A factual basis for the allegations must be presented, and there must be a showing of some identifiable facts or legal nexus that binds the claims so that hearing the cases together promotes judicial efficiency." *Id.* (citing *Tolentino*, 716 F. Supp. 2d at 647 (citation omitted)). However, a plaintiff must do more than show the mere existence of other similarly situated persons because there is no guarantee that those persons will actually seek to join in the lawsuit. *Id.*

To obtain a conditional certification at the notice stage a plaintiff must show that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; *and* (3) those individuals want to opt in to the lawsuit." *Id.* (emphasis added) (citing *Morales v. Thang Hung Corp.*, No. 4:08–2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009)). This standard is "less stringent" than the Rule 23 class action requirements. *Id.* (citing *Cantu v. Vitol, Inc.*, No. H–09–0576, 2009 WL 5195918, at *3 (S.D. Tex. Dec. 21, 2009)). The remedial nature of the FLSA strongly favors allowing cases to proceed collectively. *Id.*

Based on Greinstein's affidavit and attached pay records, the Court does not find that there is sufficient information at this time to determine that (1) the pay scheme of Greinstein

was sufficiently similar to other employees of the Defendants; or (2) any potential opt-in plaintiffs wish to join this lawsuit. Although at least one court in this district has disagreed with others that such a showing (of desire to join the suit by potential collective members) is necessary at the notice stage, given both the disputed discovery and the information Greinstein moved the Court to strike from the Defendants' affidavits in response to the motion, the Court finds such a showing is necessary to warrant certification of the collective. *See Cruz v. Wash Masters Management LLC*, No. 3:14-CV-4569-N, 2015 WL 13649246 at *2 (N.D. Tex. May 29, 2015) (Godbey, J.) (finding that the third prong—proof of an opt-in plaintiff's desire to join the suit—unnecessary at the notice stage to certify a collective under the FLSA). Greinstein's affidavit does not support all three prongs of certification. Thus, the Court finds Greinstein has not met his burden at this point to certify a collective action.

If conditional certification is denied, a court may allow discovery to provide plaintiff(s) a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in. *See Wright, Miller, Kane, Marcus, Spencer & Steinman*, 7B *Federal Practice and Procedure* § 1807 (3d ed.). Here, the Court has determined that Greinstein has not met his initial burden to show a collective of similarly situated employees under the FLSA, but the Court has found (by this opinion and by a separate contemporaneous order) that additional discovery is appropriate. Thus, the Court recommends conditional certification be denied without prejudice to a second opportunity to move for conditional certification if the discovery provided reveals a group of individuals that meet the standards.

## V. <u>RECOMMENDATION</u>

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Greinstein's Motion for Conditional Certification and Court-Authorized Notice

be DENIED without prejudice to refiling after the Defendants produce the discovery subject to the Motion to Compel as set forth in ECF 57. It is further RECOMMENDED that Greinstein's Motion to Strike be GRANTED.

## VI.     INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 27, 2019.

\* **NOTICE OF RIGHT TO OBJECT**

\*

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, FED. R. CIV. P. 5(b)(2)(C), or transmission by electronic means, FED. R. CIV. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).