**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| **HERMAN GREINSTEIN, Individually and For Others Similarly Situated,**<br><br>v.<br><br>**GRANITE SERVICES INTERNATIONAL, INC., and FIELDCORE SERVICES SOLUTIONS, LLC** | Case No. 2:18-CV-208-D-BR<br><br>**Jury Trial Demanded**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## SECOND AMENDED COMPLAINT

### SUMMARY

1. Plaintiff Herman Greinstein (Greinstein) brings this lawsuit to recover unpaid overtime wages and other damages owed under the Fair Labor Standards Act (FLSA) and applicable state law.

2. Granite Services International, Inc. (Granite), which recently rebranded to become FieldCore Service Solutions International LLC (FieldCore) operates as an affiliate or subsidiary of General Electric Co. (GE). Granite and FieldCore (collectively, "Defendants") failed to pay Greinstein, and other Environment, Health, and Safety (EHS) workers like him, overtime as required.

3. Greinstein, and the other EHS workers like him, typically worked over 40 hours per week, but Defendants did not pay these workers overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead, Defendants paid Greinstein, and other EHS workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek. This "straight time for overtime" pay plan violates the overtime requirements of the FLSA. See 29 U.S.C. § 201 *et seq.*

5. Greinstein brings this collective action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

8. Greinstein performed work for Granite and FieldCore in Friona, Parmer County, Texas, which is in this District and Division.

## THE PARTIES

9. Greinstein was an hourly EHS employee of Granite and FieldCore. Throughout his employment with these entities, he was paid an hourly rate with no overtime compensation. His written consent has been filed with the Court. Doc. 1-1.

10. Greinstein brings this action on behalf of himself and all other similarly situated hourly employees paid straight time for overtime, under the collective action provisions of the FLSA (the "Putative Class Members"). See 29 U.S.C. §216(b). The Putative Class Members were subjected to the same FLSA violations as Greinstein and is properly defined as:

> All Environment, Health, and Safety employees of FieldCore and Granite Services who were paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single work week, (or, "straight time for overtime") at any point in the past 3 years.

11. The Putative Class Members are easily ascertainable from Defendants' business and personnel records.

12. Granite Services is a foreign for-profit corporation authorized to do business in Texas. Granite Services has made an appearance in this matter.

13. FieldCore is a foreign limited liability company authorized to do business in Texas. FieldCore has made an appearance in this matter.

## COVERAGE UNDER THE FLSA

14. At all relevant times, Defendants were both employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, Defendants were each an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because each had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce and are necessary for and were routinely used in the work performed by Plaintiff and the Class Members for Granite and FieldCore.

17. Defendants (first as Granite, then in 2017 as FieldCore) have over 5,000 employees. At all relevant times, Defendants had an annual gross volume of sales made or business done in excess in excess of $1,000,000.

18. At all relevant times, Greinstein and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## THE FACTS

19. FieldCore is a subsidiary of GE.

20. Granite is also a GE company.

21. Granite re-branded as FieldCore in 2017.

22. FieldCore is the newly formed company bringing together the field service resources from Granite Services, International, Inc. and GE Power Services into one field services organization.

3

23. Granite and FieldCore provide field services and technical and support services for the power generation and oil and gas industries.

24. Both Granite and FieldCore have the same business address.

25. Greinstein was an hourly EHS employee of Granite and FieldCore.

26. Greinstein was hired by Granite in August of 2016. Greinstein left Defendants' employment in August 2017.

27. Greinstein worked as a safety manager for Granite and FieldCore.

28. Greinstein worked for Granite and FieldCore throughout the nation including Texas Mississippi, North Dakota, and Missouri. For example, in North Dakota, Greinstein provided services in connection with a coal mining crew. In Texas, Mississippi, and Missouri, he worked on a wind turbine construction crew.

29. Granite and FieldCore possessed the power to hire and fire Greinstein.

30. Granite and FieldCore each had the power to supervise or control and did supervise and control Greinstein's work schedule and all conditions of his employment.

31. Granite and FieldCore each had the power to determine and did determine the rate or method of Greinstein's payment.

32. Granite and FieldCore maintained Greinstein's employee records.

33. If Greinstein didn't work, he didn't get paid.

34. Granite and FieldCore paid Greinstein by the hour.

35. Greinstein was paid $45.00 per hour.

36. Throughout Greinstein's employment with Granite or FieldCore, they paid him on an hourly basis. For example, his pay stub shows his hourly rate.



*See* Doc. 31-2.

37. Greinstein was not paid a salary.

38. Greinstein reported the hours he works to Granite or FieldCore on a regular basis.

39. The hours Greinstein worked are reflected in Defendants' records.

40. Greinstein's paystubs had both FieldCore and Granite logos:




41. If Greinstein worked fewer than 40 hours in a week, he is only paid only for the hours he worked.

42. For example, in the pay period ending on October 16, 2016, Greinstein was credited for working 8 hours.

43. Greinstein was paid for those 8 hours at his hourly rate of $45 an hour.

44. Greinstein regularly worked more than 40 hours in a week.

45. For example, in the pay period ending on November 20, 2016, Greinstein was credited for working 88 hours.

46. Granite and FieldCore paid Greinstein for those 88 hours at the same hourly rate of $45 an hour.

47. Granite and FieldCore paid Greinstein at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

48. Rather than receiving time and half as required by the FLSA, Greinstein only received "straight time" pay for overtime hours worked.

49. This "straight time for overtime" payment scheme violates the FLSA.

50. Granite and FieldCore were and are aware of the overtime requirements of the FLSA.

51. Granite and FieldCore nonetheless failed to pay EHS hourly employees, such as Greinstein, overtime.

52. Defendants' failure to pay overtime to these EHS hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

53. The illegal "straight time for overtime" policy maintained by Granite and FieldCore extends beyond Greinstein.

54. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

55. Defendants have paid and pay over 200 hourly EHS workers using the same unlawful scheme.

56. The workers impacted by Defendants' "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION

57. By failing to pay Greinstein and the Putative Class Members overtime at one-and-one-half times their regular rates, Defendants each violated the FLSA's overtime provisions.

58. Defendants each owe Greinstein and the Putative Class Members the difference between the rate actually paid and the proper overtime rate.

59. Because Defendants each knew, or showed reckless disregard for whether, their pay practices violated the FLSA, they owe these wages for at least the past three years.

60. Defendants are liable to Greinstein and the Putative Class Members an amount equal to all unpaid overtime wages as liquidated damages.

61. Greinstein and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

62. Greinstein prays for relief as follows:

a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

b. Judgment awarding Greinstein and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Greinstein and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Richard M. Schreiber*
**Michael A. Josephson**
State Bar No. 24014780
mjosephson@mybackwages.com
**Andrew Dunlap**
State Bar No. 24078444
adunlap@mybackwages.com
**Richard M. Schreiber**
State Bar No. 24056278
rschreiber@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

7

            **Richard J. (Rex) Burch**
            Texas Bar No. 24001807
            **BRUCKNER BURCH, PLLC**
            8 Greenway Plaza, Suite 1500
            Houston, Texas 77046
            713-877-8788 – Telephone
            713-877-8065 – Facsimile
            rburch@brucknerburch.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

   I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

            */s/Richard M. Schreiber*
            Richard M. Schreiber