UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| HERMAN GREINSTEIN, Individually and For Others Similarly Situated, | CASE NO. 2:18-cv-00208-Z-BR |
| v. | JURY TRIAL DEMANDED |
| GRANITE SERVICES INTERNATIONAL, INC., and FIELDCORE SERVICES SOLUTIONS, LLC | FLSA COLLECTIVE ACTION |

**PLAINTIFF'S RESPONSE TO THE COURT'S SHOW CAUSE ORDER**

**1.  Introduction.**

On August 1, Defendants requested Plaintiff's counsel take down an online advertisement found on LinkedIn.com. Doc. 102-2 at 4-5. They characterized the advertisement as improper and complained of "Plaintiff's failure to disclose it in response to written discovery requests." *Id.* But the discovery requests Defendants cite (RFP 14, Interrogatories 3 & 4) seek <u>Greinstein's</u> communications:

**REQUEST NO. 14:**

All documents that evidence, describe, reference, reflect, or relate to any communication, either oral or written, between you and any current or former employee of any Defendants regarding any aspect of the above-captioned lawsuit, including, but not limited to, correspondence concerning the opportunity or invitation to join this lawsuit, the allegations in the Complaint, or your claims against Defendants.

**OBJECTION:** Plaintiff objects to this request because it is overly broad, vague and ambiguous. Fed. R. Civ. P. 26(b)(1), (2); *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1238 (10th Cir. 2000). Further, communications between or among Plaintiff(s) and employees or former employees of this Defendant concerning the Fair Labor Standards Act, are protected from disclosure by section 7 of the National Labor Relations Act, 29 U.S.C. § 157. *See Grant v. Convergys Corp.*, No. 4:12-cv-496 (CEJ), 2013 WL 781898, at *3 (E.D. Mo. Mar. 1, 2013); *D. R. Horton, Inc.*, 357 NLRB 184, at *4 (2012), *overr'd in part on other grounds, D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 355 (5th Cir. 2013). Employees engaging in such protected, concerted activities are allowed to keep these activities confidential. *See Century Rest. & Buffet, Inc.*, 358 NLRB 23 (2012), *citing Guess?, Inc.*, 339 NLRB 432, 434 (2003). The NLRA's definition of "employee" is broad and includes current, as well as past and future, employees. 29 U.S.C. § 152(3); *see NLRB v. Town & Country Elec., Inc.*, 516 U.S. 85 (1995).

**RESPONSE:** Subject to the foregoing objections and without waiving same, after a diligent search, none in Plaintiff's possession.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any documents.

1

**INTERROGATORY NO. 3:**

Identify and describe completely each communication you have had with, sent to, or received from any current or former employee of any Defendant(s) that in any way concerns or relates to the individual's interest (or lack thereof) in joining, participating in, or assisting you in the above-captioned lawsuit, including: including: (a) the date of the communication; (b) the place or manner of the communication; (c) the content of the communication; (d) the author of the communication; (e) the sender of the communication; (f) the recipient(s) of the communication; and (g) the names of any other persons who you believe have knowledge of the communication. Identify all documents related to your answer.

**OBJECTION:** Communications between or among Plaintiff(s) and employees or former employees of this Defendant concerning the Fair Labor Standards Act, are protected from disclosure by section 7 of the National Labor Relations Act, 29 U.S.C. § 157. *See Grant v. Convergys Corp.*, No. 4:12-cv-496 (CEJ), 2013 WL 781898, at *3 (E.D. Mo. Mar. 1, 2013); *D. R. Horton, Inc.*, 357 NLRB 184, at *4 (2012), *overr'd in part on other grounds, D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 355 (5th Cir. 2013). Employees engaging in such protected, concerted activities are allowed to keep these activities confidential. *See Century Rest. & Buffet, Inc.*, 358 NLRB 23 (2012), *citing Guess?, Inc.*, 339 NLRB 432, 434 (2003). The NLRA's definition of "employee" is broad and includes current, as well as past and future, employees. 29 U.S.C. § 152(3); *see NLRB v. Town & Country Elec., Inc.*, 516 U.S. 85 (1995).

**ANSWER:** Subject to the foregoing objections and without waiving same, none at this time. Plaintiff will supplement if applicable.

**SUPPLEMENTAL ANSWER:** Please refer to Plaintiff's Supplemental Answer to Interrogatory No. 2.

Supplemental Answer to Interrogatory No. 2 states:

**SUPPLEMENTAL ANSWER:** Other than his attorneys, Plaintiff does not recall any specific communications regarding the allegations or claims in the Complaint. Plaintiff generally recalls oral communications with Gary Walton, Greg Barker, and Joseph Butcher regarding Defendants' straight time for overtime pay practice. These conversations took place before the suit was filed, but Plaintiff cannot recall the exact date of the conversations. Plaintiff believes the conversations occurred during his employment with Defendants.

**INTERROGATORY NO. 4:**

Identify all websites, apps, discussion boards, or other similar means that you have used to communicate about, discuss, advertise, or otherwise relay information concerning any aspect of the above-captioned lawsuit, whether directly or indirectly and whether expressly, impliedly, or tacitly. This includes, by way of example and without limitation, communications on or through email, text message, Facebook, Twitter, Instagram, LinkedIn, Topix, GroupMe, or Kik.

**OBJECTION:** Plaintiff objects to this Interrogatory on basis that it is overly broad and vague.

**ANSWER:** Subject to the foregoing objections and without waiving same, Plaintiff has not posted online about this lawsuit.

Ex. A at RFP 14, Interrogatories 3 & 4. For each discovery request, Plaintiff properly objected to Defendants' attempts to obtain his communications with other current or former employees, and he objected to Defendants' catch-all requests as overly broad and vague. *Id.*

**2.   Respectfully, Greinstein was not obligated to supplement his discovery with these ads.**

If Greinstein had communications regarding his claims, these were disclosed or produced. *See, e.g.,* Ex. A at Supplemental Answer to Interrogatory No. 2. Plaintiff's position is Defendants can only request production of information and documents in Greinstein's[1] possession or control. His production was appropriate, and no supplement was necessary.

Defendants now contend their requests sweep in Greinstein's *counsel's* advertisements unrelated to this action. Doc. 102-2. This argument implies 1) Greinstein has possession or control of his attorneys' advertising, 2) the advertisements are about Greinstein's FLSA action by EHS employees, and 3) privilege would not apply to communications arising from the advertisements. Each of these is incorrect.

> **a. Defendants did not and may not propound discovery on Greinstein's counsel through their Requests and Interrogatories.**

Greinstein alleges Defendants paid him (and other similarly situated workers) straight time for overtime in violation of the FLSA. Doc. 88. Greinstein's live complaint, filed March 3, 2020, expressly limits the proposed class to "All Environment, Health, and Safety employees of FieldCore and Granite Services who were paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single work week, (or, 'straight time for overtime') at any point in the past 3 years." *Id.* at ¶ 10. His renewed motion for conditional certification is likewise narrowly tailored. Doc. 97 at 7. Greinstein's only claim, therefore, is that Fieldcore and Granite owe Greinstein and other EHS workers overtime under the FLSA.

---

[1] Defendants recently propounded discovery to opt-in plaintiffs Jones, Kennedy, Majors, and Morgan. Responses to these are not yet due.

Despite this, Defendants appear to argue they are entitled to supplemental discovery responses from Greinstein producing of all advertising undertaken by Greinstein's counsel regarding Fieldcore, regardless of the subject. Doc. 102-2 at 5. Specifically, Defendants argued their definition of "you" included Greinstein's attorneys and agents, and thus the ads should have been produced. *Id*. However, Defendants may not make Greinstein's attorneys parties to this action simply by including them in the definition of "Plaintiff." Federal Rule of Civil Procedure 34 holds "[a] party may serve **on any other party** a request within the scope of Rule 26(b) … to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items **in the responding party's** possession, custody, or control." Fed. R. Civ. P. 34(a)(1) (emphasis added). Similarly, Rule 33 holds "a party may serve **on any other party** no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1) (emphasis added). Greinstein's counsel are not parties. This truism cannot be overstated.

The Rules does not permit a party to serve Requests for Production or Interrogatories on non-parties. Discovery from non-parties, such as Greinstein's counsel, are covered by Rule 45. Defendants did not serve a subpoena on Greinstein's counsel. Defendants' Requests for Production and Interrogatories can only seek documents or information in Greinstein's possession or control. They have not shown **Greinstein** ever had possession or control over his attorney's advertisements, communications with the State Bar, or communications with other potential opt-ins. *Cf. Becnel v. Salas*, No. MC 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (a party may be required to produce a document that it has turned over to its attorney).

"Rule 34's definition of 'possession, custody, or control,' includes more than actual possession or control of the materials; it also contemplates a party's legal right or practical ability to obtain the materials from a nonparty to the action." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 230 (N.D. Tex. 2016) (quoting *Edwards v. City of Bossier City*, No. CV 15-1822, 2016 WL 3951216, at *3 (W.D. La. July 20, 2016). "Typically, what must be shown to establish control over documents in the

possession of a non-party is that there is 'a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession.'" *MWK Recruiting, Inc. v. Jowers*, No. 1:18-CV-0444 RP, 2020 WL 1987921, at *2 (W.D. Tex. Apr. 27, 2020).

"The burden, however, is on the party seeking discovery to make a showing that the other party has control over the documents sought." *Mir,* 319 F.R.D. at 230. Defendants complain Greinstein "hid the ball," but Greinstein never had the ball in the first place. Doc. 102-2 at 5. They could not obtain the discovery they sought through Requests for Production or Interrogatories to Greinstein. They have not shown Greinstein can command release of any communications in his Counsel's possession regarding third-parties' interest in joining or assisting in this action, concerning the opportunity or invitation to join this lawsuit, or communications of Counsel through various social media. A **party** cannot produce what it does not have. *ORIX USA Corp. v. Armentrout*, No. 3:16-MC-63-N-BN, 2016 WL 4095603, at *5 (N.D. Tex. Aug. 1, 2016). The advertisements Defendants seek were not produced because no request to Greinstein did, or could, require their production. With respect, no supplemental response or production regarding these ads was necessary, either before or after the stay of litigation.

### b. Counsel's generic advertisements are not communications to EHS workers.

In moving for "emergency relief" in connection with opposing conditional certification, Defendants pointed to four LinkedIn.com advertisements:




Doc. 102 at 7. Defendants claim the overtime ad was "about the claims in this case," *id.* at 6, and all four were placed to "inflict new pressure on Defendants by breaking their promises and engaging in tactics intended to stir up litigation, entice **uninvolved employees to opt into this case**, and to tarnish Defendant FieldCore's business reputation." *Id.* at 8 (emphasis added).

These statements are contradictory. Certainly, Defendants do not contend FieldCore workers with wrongful termination, pay equity, or "off the clock" claims could join this FLSA action. Therefore, they must mean the "overtime" ad entices employees "uninvolved with this action" to opt in. However, the ad cannot simultaneously be "about the claims in this case" and targeted to employees "uninvolved with this action." Of course, Defendants' arguments were pretextual.

Counsel's other advertisements are clearly general, they are not "tailored" to this case. As such, they are not responsive to Defendants' discovery requests, even if requests to Greinstein could reach counsel's advertising. Defendants' discovery requests sought only communications regarding the claims in this action. Ex. A. They could not encompass general ads not directed at EHS workers or workers with overtime claims. Greinstein properly objected to these requests as overly broad, vague, or ambiguous. *Id.* Defendants have not filed a motion to compel challenging these objections. Setting aside his lack of ability, Greinstein had no obligation to produce any of the advertisements Defendants complain about.

Finally, any remaining suggestion Greinstein was "hiding the ball" by failing to supplement his discovery is easily refuted. *See* Doc. 102-2 at 5. As their August 2019 communications, Defendants knew plaintiffs' counsel ran general advertisements on LinkedIn.com. *Id.* To be clear, these advertisements are publicly available,[2] Defendants knew of them, and knew where to find them. Defendants' contention then must be that their discovery requests required Greinstein to give Defendants notice if his counsel intended to run Fieldcore-related advertisements of any sort. Nothing in Defendants' discovery, the communications between counsel, or the Federal Rule of Civil Procedures imposes such an obligation. These ads were submitted by counsel to the Texas State Bar, were approved, and do not target the putative class members. Again, setting aside his lack of ability,

---

[2] *See* Doc. 102 at 6 n.3 (linking to https://www.linkedin.com/company/josephsondunlap/ads). Following this link reflects that users must log in to see the ads. *Id.* (last visited Sept. 15, 2020).

Greinstein had no obligation to produce general advertisements not specifically tailored to this EHS case to Defendants, or to notify them that these ads were placed.

### c. Communications to Greinstein's counsel arising from these ads are privileged

To the extent Defendants seek more than the advertisements themselves, such as the communications from potential plaintiffs in this or other actions against FieldCore, attorney-client privilege bars such production. "The attorney-client privilege protects from disclosure confidential communications made to obtain a lawyer's professional advice and assistance." *Hirsch v. USHealth Advisors, LLC*, No. 4:18-CV-245-P, 2020 WL 3485624, at *2 n.2 (N.D. Tex. Apr. 16, 2020); *see also* FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…"). Attorney-client privilege extends where:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is (the) member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978). The "attorney-client privilege is the client's and his alone." *United States v. Juarez*, 573 F.2d 267, 276 (5th Cir. 1978). Again, Defendants could not, through requests for production or interrogatories, demand production of documents or information solely within plaintiffs' counsel's control or possession. More importantly, neither Greinstein nor plaintiffs' counsel could waive privilege for these potential clients and produce responsive communications, if any. The attorney-client privilege attached to such communications also necessarily means they could not be within Greinstein's possession or control. Any communications by potential clients are protected by privilege held by those individuals alone. Greinstein had no ability

8

or duty to supplement, produce, or identify such communications, nor was he obligated (much less able) to assert privilege on behalf of any potential opt in.

**3.   Conclusion.**

The Court requested Plaintiffs' counsel to show cause why the general advertisements identified by Defendants in their Emergency Motion were not timely supplemented in accordance with Rule 26(e)(1)(a). Doc. 111. These ads were not produced because no request or interrogatory by Defendants to Greinstein could result in their production, given Greinstein's objections and his lack of control. Further, the ads themselves were publicly available on a website known to Defendants, and any communications arising from the ads is protected by privilege which neither Greinstein nor his counsel may waive (even assuming the communications pertain to this immediate action). Respectfully, Greinstein had no duty to correct or supplement his discovery responses.

Respectfully Submitted,

**JOSEPHSON DUNLAP, LLP**

By:/s/*Richard M. Schreiber*
   **Michael A. Josephson**
   Texas State Bar No. 24014780
   **Andrew Dunlap**
   Texas Bar No. 24078444
   **Richard M. Schreiber**
   Texas State Bar No. 24056278
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

On September 15, 2020, I served this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

                                          /s/*Richard M. Schreiber*
                                          Richard M. Schreiber