IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HERMAN GREINSTEIN, individually and on behalf of others similarly situated, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 2:18-CV-208-Z-BR |
| FIELDCORE SERVICES SOLUTIONS, LLC, et al., | | |
| Defendants. | | |

### ORDER TO SHOW CAUSE

In its Sur-Reply (ECF No. 118), Defendant accuses Plaintiff of relying on "demonstrably false sworn averments." *Id.* at 1. Specifically, Defendant accuses Plaintiff of submitting sworn affidavits by Jones, Campo and White which falsely claim they were paid only for the hours they worked instead of their weekly "salary" when they worked less than 40 hours a week. ECF No. 104 at 21; ECF No. 118 at 3–4.

In relevant part, each sworn statement claims that, "I was only paid for the hours that I work. If I worked less than 40 hours, I would have only been paid my standard hourly rate . . . per hour for the hours I actually worked." ECF No. 97-2 at 3; ECF No. 113-1 at 2; ECF No. 113-2 at 2. In its Sur-Reply, however, Defendant attached pay records — *evidence* — which showed opt-in Plaintiffs receiving full payments for weeks with less than 40 hours worked. ECF No. 118 at 3–4. To the Court, it appears the *sworn* statements submitted by Plaintiff's counsel are, at best, misleading, and, at worst, deceitful.

Federal Rule of Civil Procedure 11(b)(3) requires factual contentions made to the Court to "have evidentiary support or, if specifically so identified, will likely have evidentiary support after

a reasonable opportunity for further investigation or discovery." Hence, plaintiffs cannot simply allege whatever factual contentions they desire in order to win a case. Consequences follow for flagrantly deceptive actions.

The Court perceives that Plaintiff's counsel has not been forthright with the Court. To date, the Court has observed Plaintiff's counsel engage in conduct that "relate[d] to professional ethics" when counsel allegedly broke an agreement with Defendant's counsel regarding online advertisements. ECF No. 111 at 7. The Court has previously ordered Plaintiff to show cause for not disclosing advertisements during the discovery process. *Id.* at 9. Even though Plaintiff's counsel offered, at best, a questionable answer to that show cause order, ECF No. 115, the Court did not impose sanctions because it believed Plaintiff's counsel was sufficiently chastened and would course correct for the remainder of the case.

False statements — statements made under the penalty of perjury — are a different matter altogether. The Court takes seriously the charge of perjury and allegation of submitting false statements. Accordingly, the Court is providing Plaintiff's counsel an opportunity to respond and therefore ORDERS Plaintiff's counsel to show cause, in a writing ten pages or less, as to why the above-described sworn statements are not perjurious or in violation of Fed. R. Civ. P. 11(b)(3) by **Wednesday, November 4, 2020 at 5:00pm**. The Court sincerely hopes Plaintiff's counsel can assuage the Court's doubts about Plaintiff's filings. If not, the Court will impose sanctions to the maximum extent possible under Fed. R. Civ. P. 11(c)(3) and applicable Fifth Circuit case law.

**SO ORDERED.**

October 29, 2020

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

2