## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| HERMAN GREINSTEIN, Individually and for Others Similarly Situated, | Case No. 2:18-cv-00208-Z-BR |
| v. | Jury Trial Demanded |
| GRANITE SERVICES INTERNATIONAL, INC., and FIELDCORE SERVICES SOLUTIONS, LLC | FLSA Collective Action |

## BRIEF IN SUPPORT OF PLAINTIFFS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Respectfully submitted,

**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Richard M. Schreiber**
State Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com
mjosephson@mybackwages.com
rschrieiber@mybackwages.com

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**Channy F. Wood**
Texas Bar No. 00791954
cwood@woodlawfirm-tx.com
**WOOD LAW FIRM, LLP**
Physical: 610 S.W. 11th Avenue (79101)
Mailing: P.O. Box 1439
Amarillo, Texas 79105-1439
Telephone: 806.372.9663
Facsimile: 806.372.9664

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................................i

TABLE OF AUTHORITIES ......................................................................................................................ii

A.    SUMMARY. ..................................................................................................................1

B.    DEFENDANTS' LACK EVIDENCE TO SUPPORT THEIR HCE EXEMPTION AND GOOD FAITH AFFIRMATIVE DEFENSES. ...........................................................................................2

C.    SUMMARY JUDGMENT STANDARD. ............................................................................7

D.    DEFENDANTS CANNOT SATISFY THE DUTIES TEST FOR THE HCE EXEMPTION. .....................8

E.    DEFENDANTS' § 259 GOOD FAITH AFFIRMATIVE DEFENSE FAILS. ..........................10

F.    DEFENDANTS' § 260 GOOD FAITH AFFIRMATIVE DEFENSE FAILS. ..........................12

G.    CONCLUSION. ..........................................................................................................13

## TABLE OF AUTHORITIES

Page(s)

Cases

*Alvarez v. IBP, Inc.*,
    339 F.3d 894 (9th Cir. 2003) ................................................................................................. 2
*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................................................ 8
*Arizpe v. Principal Life Ins. Co.*,
    398 F. Supp. 3d 27 (N.D. Tex. 2019) .................................................................................. 10
*Barcellona v. Tiffany English Pub, Inc.*,
    597 F.2d 464 (5th Cir.1979) ................................................................................................ 12
*Bernard v. IBP, Inc. of Nebraska*,
    154 F.3d 259 (5th Cir. 1998) ............................................................................................... 12
*Brady v. Blue Cross and Blue Shield of Tex., Inc.*,
    767 F.Supp. 131 (N.D. Tex.1991) .................................................................................. 9, 11
*Carmack v. Park Cities Healthcare, LLC*,
    321 F. Supp. 3d 689 (N.D. Tex. 2018) ........................................................................ 2, 12
*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ..................................................................................................... 1, 8, 10
*Clark v. Centene Co. of Texas, L.P.*,
    44 F. Supp. 3d 674 (W.D. Tex. 2014) .......................................................................... 2, 10
*Cole v. Farm Fresh Poultry, Inc.*,
    824 F.2d 923 (11th Cir. 1987) ............................................................................................... 2
*Fowler v. S. Bell Tel. & Tel. Co.*,
    343 F.2d 150 (5th Cir.1965) ........................................................................................... 9, 11
*Little v. Liquid Air Corp.*,
    37 F.3d 1069 (5th Cir. 1994) ................................................................................................. 8
*Malacara v. Garber*,
    353 F.3d 393 (5th Cir. 2003) ............................................................................................... 10
*Mulero-Abreu v. Puerto Rico Police Dep't*,
    675 F.3d 88 (1st Cir. 2012) .................................................................................................. 10
*Singer v. City of Waco, Tex.*,
    324 F.3d 813 (5th Cir. 2003) ............................................................................................... 12
*Talon Mgmt. Servs. LLC v. Goliath Asset Mgmt., LLC*,
    No. 2:21-CV-049-Z-BR, 2022 WL 1160403 (N.D. Tex. Mar. 21, 2022) ...................... 8
*Tesco Corp. v. Weatherford Int'l, Inc.*,
    904 F. Supp. 2d 622 (S.D. Tex. 2012) ........................................................................... 9, 11
*Tillis v. S. Floor Covering, Inc.*,
    No. 3:16-CV-287-HTW-LRA, 2018 WL 4571924 (S.D. Miss. Sept. 24, 2018) ........ 12
*York v. City of Wichita Falls, Tex.*,
    763 F. Supp. 876 (N.D. Tex. 1990) .................................................................................... 12

Case 2:18-cv-00208-Z-BR   Document 193   Filed 12/02/22   Page 4 of 18   PageID 3054

Statutes

29 U.S.C. § 201 .................................................................................................................................3
29 U.S.C. § 216(b) ..........................................................................................................................12
29 U.S.C. § 259 ........................................................................................................................passim
29 U.S.C. § 260 ........................................................................................................................2, 3, 13

Rules

Fed. R. Civ. P. 33(d) ......................................................................................................................11
FED. R. CIV. PROC. 56(b) ................................................................................................................8
FRCP 37(c)(1) ................................................................................................................................10
FED. R. CIV. P. 33(d)(1) .................................................................................................................11

Regulations

29 C.F.R. § 541.601 .........................................................................................................................1
29 C.F.R. § 541.601(a)(1) & (d) .....................................................................................................8
29 C.F.R. § 790.15(d) ......................................................................................................................2
29 C.F.R. § 790.22(a) ....................................................................................................................12

**A.     SUMMARY.**

The Court should grant summary judgment rejecting Defendants' (1) highly compensated employee (HCE) exemption defense; (2) § 259 good faith defense; and (3) § 260 good faith defense. In fact, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

First, Defendants allege Plaintiffs' "claims… are barred because [Plaintiffs] are exempt from the overtime requirements of the FLSA pursuant to one or more exemptions, including the highly compensated employee, executive, administrative, professional, and combination exemptions." Doc. 96 at 19. Defendants cannot prove any exemption. However, Greinstein only seeks summary judgment denying the HCE exemption. To prevail on their HCE exemption defense, Defendants must prove they (1) paid Plaintiffs at least $455 per week ($684 after January 1, 2020); (2) on a salary basis; (3) that Plaintiffs "total annual compensation" (a defined term) was at least $100,000 ($107,432 after January 1, 2020); and that (4) Plaintiffs' "primary duty" involved office or non-manual work; and (5) Plaintiffs "customarily and regularly performed" any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee. 29 C.F.R. § 541.601. While Defendants failed to pay Plaintiffs on a salary basis, Greinstein doesn't challenge the salary level or salary basis elements in this motion. Instead, summary judgment is appropriate because Defendants' have no competent evidence any Plaintiff satisfied the duties test.

Second, Defendants say "each Defendant's actions with respect to [Plaintiffs] were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259." *Id.* at 19-20. To benefit from this defense, an employer "may rely only upon regulations, orders, rulings,

approvals, interpretations, administrative practices and enforcement policies of the Administrator of the Wage and Hour Division." 29 C.F.R. § 790.15(d). Further, this narrow defense was never "intended to make each employer his own judge of whether or not he has been guilty of a violation." *Cole v. Farm Fresh Poultry, Inc.*, 824 F.2d 923, 928 (11th Cir. 1987) (internal quotes and cite omitted). Therefore, "general advice about appropriate factors to consider in determining whether time in particular situations was compensable under the FLSA" is insufficient. *Id.* at 928–29. Defendants must identify the materials that specifically authorize Defendants' actions and prove it acted (1) in reliance on a written administrative regulation, order, ruling, approval, or interpretation from the Administrator (himself/herself) (2) in conformity with the ruling, and (3) in good faith. *Id.*; *see also, Alvarez v. IBP, Inc.*, 339 F.3d 894, 907 (9th Cir. 2003); *Clark v. Centene Co. of Texas, L.P.,* 44 F. Supp. 3d 674, 685 (W.D. Tex. 2014), *aff'd*, 656 F. App'x 688 (5th Cir. 2016). Defendants cannot satisfy any element.

Third, Defendants claim their "respective actions with respect to [Plaintiffs] were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. § 260[.]" *Id.* at 20. To prevail on this affirmative defense, Defendants must show "'(1) that the act or omission giving rise to such action was in good faith' and (2) '[they] had reasonable grounds for believing [their] act or omission was not a violation of the [FLSA].'" *Carmack v. Park Cities Healthcare, LLC,* 321 F. Supp. 3d 689, 706 (N.D. Tex. 2018) (citing 29 U.S.C. § 260). Defendants have no competent evidence supporting either element.

For these reasons, the Court should grant summary judgment denying Defendants' (1) HCE exemption defense; (2) § 259 good faith defense; and (3) § 260 good faith defense.

**B.    DEFENDANTS' LACK EVIDENCE TO SUPPORT THEIR HCE EXEMPTION AND GOOD FAITH AFFIRMATIVE DEFENSES.**

Greinstein filed this action "to recover unpaid overtime wages and other damages owed under the [FLSA] and applicable state law." Doc. 87 at 1. Defendants failed to pay Greinstein, and other workers like him, time and a half for hours worked over 40 in a single workweek. *Id.* "Instead,

2

Defendants paid Greinstein, and other… workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek." *Id.* "This 'straight time for overtime' pay plan violates the overtime requirements of the FLSA." *Id.* (citing 29 U.S.C. § 201 *et seq.*).

Defendants' Fifth Affirmative Defense broadly asserts "[Plaintiffs'] claims … are barred because [they] are exempt from the overtime requirements of the FLSA pursuant to one or more exemptions, including the highly compensated employee, executive, administrative, professional, and combination exemptions." Doc. 96 at 19. Defendants' Ninth Affirmative Defense claims "each Defendant's actions with respect to [Plaintiffs] were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259." *Id.* at 19-20. Defendants' Tenth Affirmative Defense says Defendants' "respective actions with respect to Plaintiff and the members of the purported collective he seeks to include or represent in this lawsuit were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. § 260." *Id.* at 20.

This case has been pending for over four years. *See* Doc. 1 (November 2, 2018). Defendants first asserted these affirmative defenses over three and a half years ago. *See* Doc. 35 (May 3, 2019). Back in April 2019, Greinstein propounded his first set of written discovery seeking the facts supporting Defendants' affirmative defenses. Appx. at 1-8. Defendants' initial responses were vague and did not identify any factual support for their affirmative defenses. *See* Appx. at 9-35. Despite continued supplementation, Defendants still failed to support their affirmative defenses. *See* Appx. at 36-85, 92-106. Greinstein then sent a second set of discovery specifically targeting Defendants' exemption and good faith affirmative defenses. *See* Appx. at 86-91. Defendants' response only confirmed they didn't have any evidence to support their affirmative defenses. *See* Appx. at 107-118. For example, when asked to produce documents that could support their good faith affirmative

3

defenses (RFP Nos. 40-44), Defendants either identified documents that clearly do not support their claim of good faith (RFP Nos. 41 & 43) or outright said they could "not identif[y] any relevant, non-privileged documents" after "conduct[ing] a reasonably diligent search." *See* Appx. at 112-113. But they did, finally, identify witnesses (Bella Abel, Karen White, John Wadsworth, and Randy Bailey) who—Defendants said—were "well-versed in and have broad knowledge of wage and hour laws" and were employed by Defendants and tasked with ensuring compliance with FLSA guidelines. *See* Appx. at 107-109.

But when they were deposed, these witnesses didn't support Defendants' affirmative defenses. For example, when Bella Abel (Defendants' current HR Director) was asked if Defendants "ever perform[ed] an audit or investigation into whether [their pay practice] properly compensated [Plaintiffs] with regards to the [FLSA]," she said: **"I don't know."** Appx. at 147, Abel Deposition at 20:11-16. She, personally, had not. Appx. at 146, Abel Deposition at 11:10-18. In fact, Abel admitted even though "compliance is a part of her duties," she hasn't "contributed anything since [she's] been [employed as HR Director for Defendants] to ensure FieldCore is compliant with the FLSA in connection with [Plaintiffs]." Appx. at 148-49, Abel Deposition at 51:23-52:5.

It gets worse. Karen White admitted she never looked into FLSA compliance until after this litigation began. Appx. at 158-59, White Deposition at 53:21-54:1. She said FLSA compliance "was really in the hands of each regional director." Appx. at 157, White Deposition at 33:24-25. She did not do any analysis regarding any Plaintiff in this case. Appx. at 160, White Deposition at 64:6-18. She doesn't even know what exemptions Defendants claim apply to Plaintiffs. Appx. at 160, White Deposition at 64:19-65:2. She was never "asked by [Defendants] to help determine if [the pay policy at issue] complies with the FLSA." Appx. at 162, White Deposition at 68:15-18. And she doesn't know of any member of her team that participated in determining FLSA compliance. Appx. at 162, White Deposition at 68:19-24.

Wadsworth's testimony was even more damaging because he was Defendants' 30(b)(6) representative. *See* Appx. at 163-85. Nonetheless, Wadsworth—and therefore Defendants—didn't know answers to questions essential to Defendants' affirmative defenses. He didn't even know which exemption(s) Defendants believe apply to Plaintiffs in this case. Appx. at 198-99, 202, Wadsworth Deposition at 63:1-9, 64:11-22, 157:19-23. He only tentatively identified the administrative and professional exemptions, **not the HCE exemption**. Appx. at 199, Wadsworth Deposition at 64:11-15. He conceded there wasn't any "record as to which exemptions it contends actually apply to the job positions" because, according to Wadsworth, Defendants "only need to classify [employees] as exempt of non-exempt." Appx. at 194-95, Wadsworth Deposition at 54:21-55:9.

As to the HCE exemption, Wadsworth didn't know "which duties [Defendants are] relying upon to satisfy the highly compensated exemption specifically as to [Plaintiffs]." Appx. at 201, Wadsworth Deposition at 156:18-21. Speaking for Defendants, Wadsworth said he isn't "aware of any time studies performed by [Defendants] to determine whether or not the duties performed are exempt or non-exempt." Appx. at 203, Wadsworth Deposition at 158:4-10. Wadsworth acknowledged Defendants designated him (Wadsworth) to identify the "duties that satisfy the FLSA exemptions … and the exemptions that are appropriate as a result." Appx. at 200, Wadsworth Deposition at 103:10-17. But he couldn't identify any. Appx. at 197, Wadsworth Deposition at 62:2-20.

Randell Bailey (Defendants' HR Director before Abel) was the only one who said he did any sort of exemption analysis. But he didn't make the initial exemption determination. Appx. at 282, Bailey Deposition at 11:10-15. And he didn't conduct a job analysis when he became HR Director in 2007 to determine if the existing classification was correct. Appx. at 282, Bailey Deposition at 11:10-18. He claims to have reviewed Defendants' classification decision in 2010 and 2015, but reviews are **not** Defendants' standard practice and Bailey didn't generate any documentation to corroborate an

5

analysis actually occurred, let alone support Defendants' classification. Appx. at 282-84, Bailey Deposition at 11:18-12:8; 46:9-23.

Critically, Defendants designated Abel and Wadsworth as 30(b)(6) representatives on these very issues. Appx. at 119-41, 163-85. But they—and thus Defendants—did not know the answers. *See* Appx. at 142-49, 186-200, 295-332. In fact, Wadsworth conceded he doesn't know the factual basis for Defendants' "contention that they subjectively and objectively complied with the FLSA in good faith." Appx. at 204-05, Wadsworth Deposition at 186:20-187:1. And both Abel and Wadsworth confirmed Defendants were not relying on the HCE exemption in this case. Appx. at 199, Wadsworth Deposition at 64:11-15; Appx. at 300-01, Abel Deposition at 13:23-14:10.

Vanessa Johnson and Michael Scott were also designated corporate representatives for Defendants, but they couldn't help either. Appx. at 209-31, 248-59. Johnson is "not specifically aware of any" "evaluations of [the pay policy at issue] to ensure compliance for FLSA purposes." Appx. at 237, Johnson Deposition at 37:18-24. Nor is she "aware of any investigations or internal audits regarding [the pay policy at issue] for FLSA compliance purpose." Appx. at 237-38, Johnson Deposition at 37:25-38:9. Johnson couldn't confirm whether Bailey ever performed any review of Defendants' exemption classification or Defendants' compliance with FLSA requirements. Appx. at 239-42, Johnson Deposition at 41:24-42:17; 43:05-44:11. Despite being Defendants' designated corporate representative, she could not answer basic questions. Appx. at 243, Johnson Deposition at 45:5-22; Appx. at 209-31. Moreover, Johnson—as Defendants' 30(b)(6) witness—testified she was not aware of anything Defendants did to ensure FLSA compliance. Appx. at 243, Johnson Deposition at 45:12-17. Johnson doesn't know if Defendants' pay policy was ever "evaluated for compliance purposes in any way, shape, or form." Appx. at 244, Johnson Deposition at 64:11-19.

Scott is every bit as unhelpful. He knows Greinstein—the named plaintiff—was a site safety specialist. Appx. at 267, Scott Deposition at 16:16. But he doesn't know what exemption supposedly

applies to site safety specialists. Appx. at 266, Scott Deposition at 15:9-13. For that matter, he doesn't know what exemptions are available under the FLSA. Appx. at 266, Scott Deposition at 15:14-20. And he certainly doesn't know which exemption Defendants claim applies to Greinstein. Appx. at 266-67, Scott Deposition at 15:21-16:6. Scott never analyzed whether Plaintiffs are exempt even though Defendants designated Scott to testify about whether Plaintiffs are exempt. Appx. at 268-69, Scott Deposition at 22:13-23:6. And when pressed, Scott testified that he "never said he was qualified to make that determination." Appx. at 269, Scott Deposition at 23:7-14. So Scott was designated by Defendants to "testify as to [Plaintiffs'] job duties making them exempt or non-exempt," but he admits he "can't discern which one of those are exempt or non-exempt." Appx. at 269, Scott Deposition at 23:15-21. If that wasn't bad enough, Scott "never" "actually looked at the job descriptions and made a determination [it] is an exempt job description for the site safety specialist." Appx. at 270-71, Scott Deposition at 44:23-45:5. In fact, he "can't make a determination whether or not the plaintiffs in this case are exempt or non-exempt" because he doesn't have **any** experience with the FLSA. Appx. at 272, Scott Deposition at 101:8-20. Scott doesn't know if Defendants have any documents that "spell out why [they] classif[y] [their] site safety professionals as exempt." Appx. at 273, Scott Deposition at 106:20-25. Nor has he ever "interviewed plaintiffs to determine whether their job was an exempt or non-exempt job" even though that's exactly what Defendants designated him to testify about. Appx. at 274, Scott Deposition at 111:9-15; Appx. at 248-59.

Without a doubt, Defendants' discovery responses and witness testimony don't support their affirmative defenses. Defendants have no competent evidence showing Plaintiffs met any duties test. And they have no competent evidence showing they acted in good faith.

C. **SUMMARY JUDGMENT STANDARD.**

"Summary judgment is appropriate when the pleadings, responses to discovery, and the record reveal 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

7

matter of law.'" *Talon Mgmt. Servs. LLC v. Goliath Asset Mgmt., LLC,* No. 2:21-CV-049-Z-BR, 2022 WL 1160403, at *1 (N.D. Tex. Mar. 21, 2022) (J. Kacsmaryk) (citing FED. R. CIV. PROC. 56(b); *Celotex*, 477 U.S. at 322-23). "The moving party initiating summary judgement always carries the responsibility of informing the district court of the 'bases for its motion' and identifying portions of the record **'which it believes demonstrate the absence of a genuine issue of material fact.'** Rather than providing evidence negating the opposing party's case, the movant need show only that there is an absence of evidence to support the nonmovant's case." *Id.* (quoting *Celotex*, 477 U.S. at 323). "Once the moving party meets this burden, the nonmovant must go beyond its pleadings and designate specific facts demonstrating that there is a genuine issue of material fact for trial." *Id.* (citing *Celotex*, 477 U.S. at 324–25; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "A genuine issue of material fact exists if the evidence is such that a reasonable trier of fact could return a verdict for the nonmovant." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Summary judgment is mandatory where the nonmovant fails to meet this burden." *Id.* (citing *Little*, 37 F.3d at 1076).

**D. DEFENDANTS CANNOT SATISFY THE DUTIES TEST FOR THE HCE EXEMPTION.**

In addition to the salary level and salary basis tests, the HCE exemption requires Defendants to prove: (1) Plaintiffs' primary duty includes performing office or non-manual work; and (2) Plaintiffs' customarily and regularly performed any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee. 29 C.F.R. § 541.601(a)(1) & (d). Defendants can't satisfy the duties test because they didn't identify which duties they claim satisfy the duties test. Instead, Defendants testified that they don't know. Their corporate representative—Wadsworth—admitted Defendants don't "maintain a record as to which exemptions [they] contend[] actually apply to the job positions." Appx. at 194-95, Wadsworth Deposition at 54:21-55:9. Which is why Defendants don't know "which duties [they are] relying upon to satisfy the highly compensated exemption." Appx. at 201, Wadsworth Deposition at 156:18-21; Appx. at 329-30, Abel Deposition at 149:10-150:1.

8

What's more, Defendants aren't "aware of any time studies [they performed] to determine whether or not the duties performed were exempt or non-exempt." Appx. at 203, Wadsworth Deposition at 158:4-10. Those admissions, made by Defendants' corporate representative on their behalf, clearly and plainly show Defendants have no evidence to satisfy the HCE exemption duties test. This all explains why Abel and Wadsworth—testifying as Defendants' corporate representatives—excluded the HCE exemption when asked which exemptions Defendants are relying on in this case. Appx. at 199, Wadsworth Deposition at 64:11-15; Appx. at 300-01, Abel Deposition at 13:23-14:10 ("Q. Do you know what overtime exemptions are at issue for the people who have joined the Greinstein matter[?] A. Yes. Q. Okay. And what are those? … A. We've got administrative, professional, combination. … **Q. Okay. Anything else? A. No.**").

The recitation of alleged duties in Defendants' original and supplemental answers to Greinstein's interrogatories cannot defeat summary judgment because they aren't verified. *See Tesco Corp. v. Weatherford Int'l, Inc.,* 904 F. Supp. 2d 622, 636 (S.D. Tex. 2012) ("Verified… pleadings are competent summary judgment evidence; unverified answers to interrogatories and interrogatories not based on personal knowledge are not."); *see also Fowler v. S. Bell Tel. & Tel. Co.,* 343 F.2d 150, 154 (5th Cir.1965); *Brady v. Blue Cross and Blue Shield of Tex., Inc.,* 767 F.Supp. 131, 135 (N.D. Tex.1991). While Defendants' first answers to interrogatories were verified, they only recite alleged duties for Greinstein. Appx. at 13-19. And James Peeples, who verified the interrogatories, admitted under oath he "did [not] see [Greinstein] do any actual job duties." Appx. at 290, Peeples Deposition at 85:15-20. Nor did Greinstein "provide any reports to [Peeples] as to the duties that he did on a day-to-day basis." *Id.* In other words, Peeples did not have personal knowledge of Greinstein's duties.

Hoping to create a catch-all, Defendants say "information about job duties can best be ascertained by depositions of both opt-in plaintiffs and managers." *Id.* They don't say what depositions, let alone what testimony they claim supports their exemption classification. *Id.* "But

9

answering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33." *Mulero-Abreu v. Puerto Rico Police Dep't*, 675 F.3d 88, 93 (1st Cir. 2012). And "it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact." *Arizpe v. Principal Life Ins. Co.,* 398 F. Supp. 3d 27, 43 (N.D. Tex. 2019) (citing *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)). Defendants must "designate the evidence in the record that establishes the existence of genuine issues as to the material facts." *Id.* (citing *Celotex*, 477 U.S. at 324). And summary judgment should be granted as to Defendants' exemption defenses if they fail to specifically identify evidence sufficient to create a fact question. *Id.* (citing *Malacara*, 353 F.3d at 405).

Defendants have no competent evidence that Plaintiffs' actual job duties meet the requirements for the HCE exemption. They cannot now introduce such evidence. *See* FRCP 37(c)(1). Thus, Defendants cannot satisfy the duties test required for the HCE exemption.

### E. DEFENDANTS' § 259 GOOD FAITH AFFIRMATIVE DEFENSE FAILS.

Defendants say "each Defendant's actions with respect to [Plaintiffs] were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259." Doc. 96 at 19-20. "At trial, [Defendants would] of course bear the burden of proving its affirmative defense of good faith pursuant to § 259." *Clark,* 44 F. Supp. 3d at 685. To prevail, Defendants must (1) specifically identify the authorities upon which they claim to have relied; and (2) establish they—in good faith—acted in actual conformance with, and reliance upon, the authorities identified. *Id.* Defendants can't satisfy either element.

First, Defendants have not identified the authorities they claim to have conformed with / relied upon. They attempt to shift that burden to Greinstein by citing all "publicly-available statutes and regulations, U.S. DOL, Wage & Hour Division interpretations and opinion letters regarding the

10

duties and compensation of exempt employees, and to interpreting case law." Appx. at 12, 38, 56, 57, 58, 59, 92. Defendants claim Fed. R. Civ. P. 33(d) allows them to do so. Appx. at 12, 38, 56, 57, 58, 59, 92. It doesn't. Rule 33(d)(1) requires the answering party to "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them **as readily as the responding party could**." FED. R. CIV. P. 33(d)(1) (emphasis added).

Interrogatory No. 6 askes Defendants to "state the factual and legal basis for" their "claim that any 'good faith' defense may be applicable." Appx. at 3. Referring Greinstein "to [all] publicly-available statutes and regulations, U.S. DOL, Wage & Hour Division interpretations and opinion letters regarding the duties and compensation of exempt employees, and to interpreting case law" clearly does not satisfy the specificity requirement of Rule 33(d)(1). Moreover, Rule 33(d) is only available "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party." FED. R. CIV. P. 33(d). Greinstein cannot possibly "derive or ascertain" the factual or legal basis for **Defendants'** good faith affirmative defense by examining all "publicly-available statutes and regulations, U.S. DOL, Wage & Hour Division interpretations and opinion letters regarding the duties and compensation of exempt employees, and to interpreting case law."

Second, Defendants have no evidence they acted in conformity with, or actual reliance upon, on any specific authority from the Department of Labor's Administrator. Defendants say they "employ professionals who are well-versed in and have broad knowledge of wage and hour laws." Appx. at 58, 59, 93, 107. Not only do their depositions say otherwise, Defendants' unverified interrogatory answers are not competent summary judgment evidence. *See Tesco,* 904 F. Supp. 2d at 636; *Fowler,* 343 F.2d at 154; *Brady,* 767 F.Supp. at 135.

11

Because Defendants (1) have failed to specifically identify the authorities upon which they claim to have relied; and (2) have no competent evidence they actually relied in good faith on any specifically identified authority, Defendants' § 259 good faith affirmative defense fails. *See Tillis v. S. Floor Covering, Inc.,* No. 3:16-CV-287-HTW-LRA, 2018 WL 4571924, at *8 (S.D. Miss. Sept. 24, 2018) ("Since Defendants have not identified any regulation or interpretation upon which they supposedly relied in creating their work scheme, this court is persuaded that summary judgment is appropriate in favor of Plaintiffs on this affirmative defense.").

### F. DEFENDANTS' § 260 GOOD FAITH AFFIRMATIVE DEFENSE FAILS.

The FLSA's liquidated damage provision provides compensation for an employer's failure to pay workers on time. *See* 29 C.F.R. § 790.22(a), at n.137. The FLSA **presumes** workers are entitled to an amount equal to their actual damages as liquidated damages. *See* 29 U.S.C. § 216(b); *Carmack,* 321 F. Supp. 3d at 706. "Although the language of § 216(b) is mandatory, Congress thereafter added a provision that grants district courts the sound discretion not to award liquidated damages if the employer shows (1) 'that the act or omission giving rise to such action was in good faith' and (2) 'that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" *Carmack,* 321 F. Supp. 3d at 706 (citing 29 U.S.C. § 260). "The employer has the burden of demonstrating both elements." *York v. City of Wichita Falls, Tex.,* 763 F. Supp. 876, 880 (N.D. Tex. 1990). "[G]ood faith includes a duty to investigate potential liability under the FLSA." *Id.* (citing *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 469 (5th Cir.1979)). "Even inexperienced businessmen cannot claim good faith when they blindly operate a business without making any investigation as to their responsibilities under the labor laws. Apathetic ignorance is never the basis of a reasonable belief." *Barcellona,* 597 F.2d at 469. The Fifth Circuit has "held that an employer faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Singer v.*

*City of Waco, Tex.,* 324 F.3d 813, 823 (5th Cir. 2003) (cleaned up); *Bernard v. IBP, Inc. of Nebraska,* 154 F.3d 259, 267 (5th Cir. 1998).

Defendants cannot meet that substantial burden. "The good faith defense requires plain and substantial evidence of at least an honest intention to ascertain the requirements of the Act and comply with those requirements." Schneider & Stine, WAGE AND HOUR LAW: COMPLIANCE & PRAC. II, § 21:03. Defendants' evidence comes nowhere near that standard. In fact, it shows the opposite. Defendants say they "employed professionals who are well-versed in and have broad knowledge of wage and hour laws" and rely on those individuals to ensure FLSA compliance. Appx. at 58, 59, 93, 107. But they have no evidence—other than their unverified interrogatory answers—that anyone other than Bailey ever even attempted to reviewed Plaintiffs' compensation to ensure FLSA compliance.

And even if Bailey reviewed Defendants' exemption classifications as he testified, his "reviews" fall far short of the substantial burden to establish good faith. He was Defendants' HR Director for over a decade but only conducted a job analysis only twice. Appx. at 282-83, Bailey Deposition at 11:10-12:8. That's because it wasn't a standard practice for Defendants to perform any FLSA compliance analysis. Appx. at 282-83, Bailey Deposition at 11:24-12:1. And while Bailey claims to have reviewed Defendants' classification decision in 2010 and 2015, he didn't generate any documentation to even corroborate that an analysis occurred, let alone to support Defendants' classification. Appx. at 282-84, Bailey Deposition at 11:18-12:8; 46:9-23.

Even assuming Bailey performed a "job analysis" twice during the twelve years he worked for Defendants, they fall far short of satisfying their "substantial burden" to demonstrate good faith. Therefore, summary judgment is proper as to Defendants' § 260 good faith defense.

**G.    CONCLUSION.**

For the reasons set forth herein, summary judgment is appropriate as to Defendants' HCE exemption and good faith affirmative defenses.

Respectfully submitted,

By: /s/ *Richard M. Schreiber*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **Richard M. Schreiber**
    Texas Bar No. 24056278
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77005
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    710-877-8065 – Facsimile
    rburch@brucknerburch.com

    **Channy F. Wood**
    Texas Bar No. 00791954
    cwood@woodlawfirm-tx.com
    **WOOD LAW FIRM, LLP**
    Physical: 610 S.W. 11th Avenue (79101)
    Mailing: P.O. Box 1439
    Amarillo, Texas 79105-1439
    Telephone: 806.372.9663
    Facsimile: 806.372.9664

    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 2nd day of December, 2022.

    /s/ *Richard M. Schreiber*
    **Richard M. Schreiber**