UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

HERMAN GREINSTEIN, Individually and For Others Similarly Situated,

    Plaintiff,

v.

GRANITE SERVICES INTERNATIONAL, INC. and FIELDCORE SERVICES SOLUTIONS, LLC,

    Defendants.

Case No. 2:18-cv-00208-Z-BR

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................... 1

I.    The Record Evidence Supports the Duties Element of the FLSA's Highly Compensated Employee Exemption ................................................................................ 3

II.   The Record Evidence Indicates That FieldCore Acted in Good Faith to Comply With the FLSA .................................................................................................................. 9

    A.    Plaintiffs Are Not Entitled to Summary Judgment on the Section 10 Good Faith Defense (29 U.S.C. § 259) ............................................................. 11

    B.    Plaintiffs Are Not Entitled to Summary Judgment on the Section 11 Good Faith Defense to Liquidated Damages (29 U.S.C. § 260) ....................... 13

CONCLUSION .......................................................................................................................... 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.*,
 515 F.3d 1150 (11th Cir. 2008) ............................................................................................... 14

*Anani v. CVS RX Servs., Inc.*,
 730 F.3d 146 (2d Cir. 2013) ......................................................................................... 5, 13, 15

*Arizpe v. Principal Life Ins. Co.*,
 398 F. Supp. 3d 27 (N.D. Tex. 2019) ...................................................................................... 4, 5

*Barefoot v. Mid-Am. Dairymen, Inc.*,
 826 F. Supp. 1046 (N.D. Tex. 1993), *aff'd*, 16 F.3d 1216 (5th Cir. 1994) .................................. 6

*Cahill v. City of New Brunswick*,
 99 F. Supp. 2d 464 (D.N.J. 2000) ............................................................................................ 13

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ................................................................................................................... 2

*Dybach v. Florida Dep't of Corr.*,
 942 F.2d 1562 (11th Cir. 1991) ............................................................................................... 14

*Hewitt v. Helix Energy Solutions Group, Inc.*,
 2142 S. Ct. 2674 (U.S. May 2, 2022) ................................................................................ 12, 15

*Kennedy v. Ryder Integrated Logistics, Inc.*,
 No. SA13CA157FBHJB, 2014 WL 12873036 (W.D. Tex. Sept. 11, 2014) .............................. 6

*Litz v. Saint Consulting Group, Inc.*,
 772 F.3d 1 (1st Cir. 2014) ........................................................................................................ 13

*Malacara v. Garber*,
 353 F.3d 393 (5th Cir. 2003) ................................................................................................. 4, 5

*Management v. Amguard Ins. Co.*,
 No. 1:20-CV-660-LY, 2022 U.S. Dist. LEXIS 99922 (W.D. Tex. Feb. 28,
 2022) .......................................................................................................................................... 2

*McClanahan v. Mathews*,
 440 F.2d 320 (6th Cir. 1971) ................................................................................................... 14

*Mosquera v. MTI Retreading Co.*,
 745 F. App'x 568 (6th Cir. 2018) .............................................................................................. 6

*Mulero-Abreu v. Puerto Rico Police Dep't*,
    675 F.3d 88 (1st Cir. 2012)........................................................................................................4

*Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*,
    454 F. Supp. 2d 600 (N.D. Tex. 2006) .....................................................................................2

*Trammell v. Amdocs, Inc.*,
    No. 2:15-cv-01473-RDP, 2018 WL 993881 (N.D. Ala. Feb. 21, 2018)................................5, 8

*Trottier v. FieldCore Servs. Sols., LLC*,
    No. 2:20-CV-186-Z-BR, 2022 WL 658765 (N.D. Tex. Mar. 4, 2022) ...........................1, 12, 15

*Walsh v. E. Penn Mfg. Co.*,
    555 F. Supp. 3d 89 (E.D. Pa. 2021) ..........................................................................................8

**Statutes**

29 U.S.C. § 259................................................................................................................................11

29 U.S.C. § 260................................................................................................................................13

**Other Authorities**

29 C.F.R. §§ 516.2, 516.11 ................................................................................................................8

29 C.F.R. § 541.2 ..............................................................................................................................4

29 C.F.R. § 541.200 ..........................................................................................................................8

29 C.F.R. § 541.601 .......................................................................................................................5, 8

29 C.F.R. §790.14 ...........................................................................................................................11

29 C.F.R. §790.16 ...........................................................................................................................11

*Defining and Delimiting the Exemptions for Executive, Administrative,
    Professional, Outside Sales and Computer Employees*,
    81 FR 32391-01, 2016 WL 2943519 (May 23, 2016) ...............................................................5

U.S. DOL, Wage & Hour Division Op. Ltr. FLSA2003-5, 2003 WL 23374601
    (July 9, 2003) ..........................................................................................................................12

U.S. DOL, Wage & Hour Division Op. Ltr. FLSA 2018-25, 2018 WL 5921453
    (Nov. 8, 2018) .........................................................................................................................13

**INTRODUCTION**

Defendants'[1] motion for summary judgment (ECF 194), filed on the same day as Plaintiffs' motion for partial summary judgment (ECF 192), is fatal to Plaintiffs' claims in this litigation. Plaintiffs are highly compensated employees who accepted FieldCore's offer of a weekly salary—plus additional pay on top of that when they worked over 40 hours in a week—to perform sophisticated, non-manual work that required the exercise of judgment and discretion. For their salaried status and the multitude of administrative, managerial, and professional duties they performed, FieldCore lawfully classified Plaintiffs as exempt from the Fair Labor Standards Act's ("FLSA" or the "Act") overtime pay provisions. This Court has already concluded that such employees—those paid weekly in consideration of analogous duties—may be classified as exempt. *See Trottier v. FieldCore Servs. Sols., LLC*, No. 2:20-CV-186-Z-BR, 2022 WL 658765 (N.D. Tex. Mar. 4, 2022). The result should be no different here, despite Plaintiffs' years-long quest for a windful recovery under the Act.

Plaintiffs' admissions of the numerous exempt duties they performed, discussed both below and in FieldCore's brief in support of Defendants' summary judgment motion, doom Plaintiffs' own motion. Plaintiffs cannot ask the Court to blindly ignore their own deposition testimony, which supports summary judgment for Defendants. Plaintiffs obfuscate by parading a discovery motion in the clothes of a motion for partial summary judgment. Hoping to avoid the certain, fatal consequence of FieldCore's dispositive motion, Plaintiffs argue, essentially, that they instead should win dispositively because Defendant FieldCore's written discovery responses did not contain a level of

---

[1] In April 2017, Defendant Granite Services International, Inc. ("Granite") converted to an LLC and changed its name to FieldCore Service Solutions International LLC. In August 2017, that entity transferred its U.S. operations and employees to Defendant FieldCore Service Solutions, LLC. (App. 0001-0002 ¶¶ 2-3 [Scott Decl.].) For simplicity's sake and for the purposes of this brief, Defendants refer to both of them collectively as "FieldCore." References to "App." refer to the Appendix filed with Defendants' motion for summary judgment (ECF 196).

1

granular detail satisfactory to Plaintiffs' counsel. At bottom, they urge the Court to sanction FieldCore by entering partial judgment against it because they did not like FieldCore's responses provided during long-closed discovery.[2] Even if Plaintiffs could point to an order requiring FieldCore to answer interrogatories in a manner of their lawyers' personal preferences (which they cannot), "summary judgment is not the proper vehicle through which to address discovery disputes." *Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*, 454 F. Supp. 2d 600, 604 (N.D. Tex. 2006).

Under Rule 56, a court evaluating a summary judgment motion can look to "depositions, documents, electronically stored information, affidavits or declarations" in addition to "admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The Court "may consider other materials in the record" beyond those cited by the moving party. Fed. R. Civ. P. 56(c)(3). As the Supreme Court has held, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see also Management v. Amguard Ins. Co.*, No. 1:20-CV-660-LY, 2022 U.S. Dist. LEXIS 99922, at *5 (W.D. Tex. Feb. 28, 2022) ("When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record. . .").

Looking at the record as a whole, rather than myopically focusing on a few interrogatory and deposition responses that Plaintiffs just don't like, there is ample evidence to show that summary judgment in favor of Plaintiffs—every single one of whom was salaried, well paid, and performed

---

[2] The parties, and Plaintiffs in particular, should have no confusion about this Court's rules regarding discovery disputes. The rules do not provide for disputes to be raised by summary judgment motion. *See* Order Regarding Potential Discovery Disputes (ECF 95). In any event, unlike Opt-In Plaintiff Ray Hightower's evasion of this Court's order on depositions of Plaintiffs, here FieldCore has served multiple rounds of written discovery responses, produced many documents, and presented numerous company witnesses for depositions.

2

critically important duties—is not warranted. FieldCore hereby incorporates by reference the Statement of Undisputed Material Facts included in its brief in support of Defendants' motion for summary judgment (ECF 195 at 3-19).

I.  **The Record Evidence Supports the Duties Element of the FLSA's Highly Compensated Employee Exemption**

The irrefutable record evidence establishes that Plaintiffs performed duties satisfying the FLSA's lenient exemption test applicable to "highly compensated employees." (*See* ECF 195 at 3-8 for a discussion of duties performed by Greinstein and FieldCore EHS professionals generally; *see id.* at 11-14 for a discussion of duties performed by salaried Opt-In Plaintiffs who were at all times compensated at a level above the highly compensated employee ("HCE") threshold; *see id.* at 14-19 for a discussion of duties performed by salaried Opt-Ins who were sometimes compensated at a level above the HCE threshold). Setting aside the compensation-related tests for that exemption, which Plaintiffs do not challenge by their partial summary judgment motion,[3] that lenient test requires *only* that an employee "customarily and regularly perform" *one* exempt duty that would satisfy the duties tests for the comparatively stricter executive, administrative, or professional exemptions. Plaintiffs' own testimony and admissions cleanly clear that more lenient threshold.

Grasping at straws in hopes of avoiding this clear conclusion, Plaintiffs contrive a nonsensical argument, apparently hoping to create new law for the application of an FLSA exemption. Their sole basis for seeking partial summary judgment on the HCE exemption is that FieldCore's corporate witnesses and answers to interrogatories "didn't identify which duties they claim satisfy the duties test." (*Id.*)[4] But Plaintiffs cite no authority for the proposition that a

---

[3] Plaintiffs do not seek summary judgment regarding "the salary level and salary basis tests," but only the "duties test" of the "highly compensated employee" exemption. (ECF 193 at 8.)

[4] Relatedly, Plaintiffs mistakenly imply that John Wadsworth and Michael Scott were designated as corporate representatives to testify regarding which precise duties satisfy which FLSA exemptions. (ECF 193 at 5-7.) FieldCore never made such a representation. Rather, FieldCore stated, in

3

defendant must identify in depositions or interrogatory responses the duties that satisfy a particular FLSA exemption, nor that they may ignore their own detailed testimony regarding the duties that they performed merely because, in their view, Defendants provided less detailed testimony on the same subject matter.[5]

Instead, Plaintiffs misdirect the Court's attention to cases that are wholly inapposite. (ECF 193 at 10.) In *Mulero-Abreu v. Puerto Rico Police Dep't*, 675 F.3d 88 (1st Cir. 2012), for example, the First Circuit affirmed a discovery sanction, approving of the dismissal of plaintiffs' action after they repeatedly failed to respond to the defendant's interrogatories and requests for production, other than via a letter containing a "blanket objection to all of the interrogatories" and a statement "that the information sought was contained in [plaintiff's] deposition and in a trove of documents previously produced." *Id.* at 93. The plaintiffs had defied the trial court's orders to provide additional discovery, and the court ultimately imposed dismissal as a discovery sanction. *Id*. at 93-94. *Mulero* has nothing to do with this case.

Plaintiffs also cite to the court's basic recitation of the legal standard for summary judgment in *Arizpe v. Principal Life Ins. Co.*, 398 F. Supp. 3d 27 (N.D. Tex. 2019), which noted that, absent citation to the record, it is not the court's job "to comb the record in search of evidence that creates a genuine issue as to a material fact." *Id.* at 43. Likewise, in *Malacara v. Garber*, 353 F.3d 393 (5th

---

correspondence leading up to the 30(b)(6) depositions, that it "designates John Wadsworth and Bella Abel to testify in general terms regarding Defendants' efforts to ensure compliance with the FLSA's requirements regarding exempt employee classification" (Opp'n App. 0018 [Letter re: Deposition Topic 15]) and that it "designates Michael Scott to testify at a high level regarding the general responsibilities of EHS professionals who are party plaintiffs in the litigation" (Opp'n Appx. 0019 [Letter re: Deposition Topic 18]).

[5] Quite the contrary, the FLSA's regulations make clear that an employee's actual duties and pay are determinative of his exempt or non-exempt status. *See* 29 C.F.R. § 541.2. To support its motion for summary judgment, and in response to Plaintiffs' instant motion, FieldCore relies on Plaintiffs' admissions of the numerous exempt duties they actually performed.

Cir. 2003), another case Plaintiffs cite, the court declined to consider evidence that appeared only in a deposition transcript where the nonmovant "did not . . . mention [it] in his brief." *Id.* at 405. These points aren't relevant, however—FieldCore fully agrees that it is not this Court's job to do a summary judgment movant's or nonmovant's job for them. The relevant point here, as noted in *Arizpe*, is that a nonmovant may refer to *any* relevant "evidence in the record . . . in the response to the motion for summary judgment." *Arizpe*, 398 F. Supp. 3d at 43.

None of Plaintiffs' cases align with the matter now before this Court. Plaintiffs' is not a discovery sanctions motion. The record is replete with evidence establishing the elements that prove FieldCore lawfully classified Plaintiffs as exempt. (*See, e.g.,* ECF 195 at 3-19; *see also infra* at 6-7.)

As set out in Defendants' motion for summary judgment, it doesn't take much to satisfy the duties test for the HCE exemption. The applicable regulations "eliminat[e] the need for a detailed analysis of [an] employee's job duties." 29 C.F.R. § 541.601(c). "[T]he very structure and express language of C.F.R. § 541.601 indicate that its purpose was to relax the duties requirement in order to exempt employees from the time-and-a-half requirement because they earn over $100,000 annually." *Anani v. CVS RX Servs., Inc.*, 730 F.3d 146, 150 (2d Cir. 2013); *see also Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees*, 81 FR 32391-01, 2016 WL 2943519, at *32392 (May 23, 2016) (noting that the HCE exemption "imposes a very minimal duties test").

It takes only one exempt duty to satisfy the HCE exemption's duties test. And contrary to Plaintiffs' argument, the exemption doesn't require an exhaustive recitation of job duties in written answers to interrogatories. Just the opposite, courts have concluded that a "Plaintiff's admissions alone" can suffice to demonstrate that he or she satisfied the test. *Trammell v. Amdocs, Inc.*, No. 2:15-cv-01473-RDP, 2018 WL 993881, at *5 (N.D. Ala. Feb. 21, 2018). Simply stated, Plaintiffs

5

cannot prevail on summary judgment by ignoring their own testimony. *See, e.g.*, *Barefoot v. Mid-Am. Dairymen, Inc.*, 826 F. Supp. 1046, 1050 (N.D. Tex. 1993), *aff'd*, 16 F.3d 1216 (5th Cir. 1994) (finding FLSA exemption satisfied based in part on "the deposition testimony of Plaintiff-drivers"); *Kennedy v. Ryder Integrated Logistics, Inc.*, No. SA13CA157FBHJB, 2014 WL 12873036, at *6 (W.D. Tex. Sept. 11, 2014) (denying plaintiffs' motions for partial judgment on the pleadings as to exemption and good faith defenses, and granting defendants' motion for summary judgment based on "adequate evidence in the record, including Plaintiff's own testimony" regarding job duties); *Mosquera v. MTI Retreading Co.*, 745 F. App'x 568, 572 (6th Cir. 2018) ("We start with [plaintiff's] own statements describing his duties . . .").

Plaintiff Greinstein's own statements provide more than enough evidence to satisfy the "very minimal duties test" of the HCE exemption. Greinstein—who has repeatedly declared his similarity to the Opt-In Plaintiffs, and they to him—testified that his job, at bottom, "was to ensure compliance with environment health, and safety factors, programs and procedures of Defendants and the government." (App. 0039 [Greinstein Dep. 116].) Greinstein's "ultimate job duty," he testified, "was to prevent onsite accidents. This included facility and site inspections, dealing with regulatory agencies, assessing risks, and conducting training based on Defendants' policies and procedures." (*Id.*). To accomplish his important responsibilities, Greinstein performed myriad non-manual duties, including managing the process by which all site personnel and employees were informed of safe working procedures and practices (App. 0050 [Greinstein Dep. 135]); managing required compliance activities, including the implementation of safety regulations and FieldCore EHS programs (*id.*); investigating safety incidents and near-miss events (*id.*); analyzing root causes to determine safety measures to prevent future incidents and influence the implementation of corrective actions (App. 0050-0051 [Greinstein Dep. 135-136]); conducting and documenting safety inspections and audits (App. 0051 [Greinstein Dep. 136]); conferring with the site manager

6

regarding safety observations (App. 0033-0034 [Greinstein Dep. 68-69]); and relying on his advanced OSHA training and certifications to know which standards apply and "how to apply them when you see it in the field" (App. 0021-0026, 0032 [Greinstein Dep. 36-41; 62]).

All of the other Opt-in Plaintiffs—including, but not limited to, the four who also received compensation above the applicable HCE threshold in each year of their employment (Eric Farmer, Antonio Flores, Stephen Jones, and Byron White)—likewise satisfied the HCE exemption's minimal duties test. As discussed in Defendants' brief in support of their motion for summary judgment (ECF 195 at 12-19), each of Greinstein and the Opt-Ins customarily and regularly performed important work managing safety programs to help prevent accidents at work sites.

For example, Opt-In Plaintiff Farmer testified that he was responsible for determining whether workers onsite were following important policies and being safe, including evaluating whether they were wearing the correct personal protective equipment; reporting incidents; and monitoring between 15 and 300 people, depending on the site and project. (App. 0260-0261 [Farmer Dep. 105-106].) Opt-In Flores was responsible for observing and reporting compliance with EHS policies, local regulations, and OSHA regulations; acting as a liaison to FieldCore's clients; and investigating safety incidents and near-miss events by taking witness statements and injured party statements. (App. 0338-0347 [Flores Dep. 160-169].) Opt-In Jones testified that it was his important responsibility to oversee personnel to ensure they did not become complacent about safety, balancing the workers' focus on production with his and FieldCore's commitment to safety needs and standards. (App. 0367-0368 [Jones Dep. 120-121 ].) And Opt-In White testified that his job was to determine whether workers were adhering to relevant safety rules, regulations, policies, and procedures, including stopping work if he thought someone or something at the site created a serious health or safety risk. (App. 0419-0421 [White Dep. 40-42].)

7

In this light, it is abundantly clear why Bella Abel (FieldCore's current HR Leader for North America) specifically testified, "I would apply [the HCE exemption] to both the *Greinstein* and *Campo* [cases]." (Opp'n App.[6] 0005 [Abel 30(b)(6) Dep. 134:15-21].) Abel also testified that she has researched "the highly compensated exemption limit." (Opp'n App. 0003-0004 [Abel 30(b)(6) Dep. 22:24-23-5].) Based on her personal knowledge and belief, Abel further testified that "it would be many" employees in *Greinstein* and *Campo* who satisfied the HCE compensation threshold. (Opp'n App. 0005-0006 [Abel 30(b)(6) Dep. 134:23-135:1].) And, contrary to Plaintiffs' representation, John Wadsworth also testified that "it's possible that the highly compensated [exemption] applies" to the individuals in the *Greinstein* and *Campo* matters, while explaining that the underlying EHS duties "would have been professional or administrative."[7] (Opp'n App. 0009 [Wadsworth 30(b)(6) Dep. 154:15-22].) If it mattered to this Court's analysis—which it should not because Plaintiffs' own admissions establish that the exemption applies—Plaintiffs are simply incorrect that FieldCore's corporate witnesses "excluded the HCE exemption when asked which exemptions Defendants are relying on in this case."[8] (ECF 193 at 9.)

---

[6] References to "Opp'n App." refer to the Appendix filed contemporaneously with Defendants' Response in Opposition to Plaintiffs' partial summary judgment motion.

[7] It is axiomatic that if an employee satisfies the duties requirements of the professional or administrative exemptions, that employee also satisfies the duties element of the HCE exemption. *See, e.g.*, *Trammel*, 2018 WL 993881, at *4, n.5 ("The court notes that Plaintiff incorrectly states that, to meet the second element of highly-compensated employee exemption, Defendant must prove that Plaintiff's 'primary duties' meet the administrative exemption under § 541.200. Such a circular analysis would make 'the highly compensated exemption . . . meaningless' and ignores the text of § 541.601(c).") (internal citations omitted).

[8] Similarly without moment are Plaintiffs' suggestions that FieldCore cannot establish an exemption because it does not maintain a record of which FLSA exemption applies to each employee or because it has not conducted "time studies" regarding the duties that Plaintiffs performed. Neither is necessary under the Act. *See* 29 C.F.R. §§ 516.2, 516.11 (the latter defining which recordkeeping requirements in the former apply to exempt employees; none requiring records of an applicable exemption). *See also Walsh v. E. Penn Mfg. Co.*, 555 F. Supp. 3d 89, 136 (E.D. Pa. 2021) (denying parties' motions for summary judgment on good faith and willfulness, and noting that "it is not required to conduct a time study *ex ante*").

8

Based on the full record—including not just the sliver upon which Plaintiffs attempt to hone this Court's attention, but the broader record, inclusive of each Plaintiff's own sworn testimony—the Court should deny Plaintiffs summary judgment on the duties prong of the HCE exemption.

## II. The Record Evidence Indicates That FieldCore Acted in Good Faith to Comply With the FLSA

Plaintiffs cannot sustain their burden to establish that FieldCore willfully violated the FLSA, if it violated the law at all. They attempt, therefore, to distract the Court by conflating the test applicable to their willfulness claim and that applicable to FieldCore's potential argument that the Court should not levy liquidated damages against it in the event it does not prevail on its defenses because FieldCore acted with a reasonable, good-faith understanding that it wasn't in violation of the law. As FieldCore demonstrated in its brief supporting its own motion for summary judgment (ECF 195 at 47-49), Plaintiffs cannot satisfy the test applicable to their willfulness claim because they cannot show that FieldCore knowingly or recklessly acted in disregard of the law.

Plaintiffs' motion for partial summary judgment on good faith puts the cart before the horse. Unless and until Plaintiffs prove that FieldCore actually violated the law (which they cannot, for the reasons stated in Defendants' motion for summary judgment), good faith is not at issue. Nonetheless, the record establishes unequivocally that FieldCore has acted in good faith to comply with the FLSA's overtime pay provisions and the exemptions that bar Plaintiffs' claims. FieldCore (and Granite before it) has long had a policy of paying employees like Greinstein their full weekly salary for any week in which they perform work. (App. 0159 [Abel 30(b)(6) Dep. 66].) Further, FieldCore has systematic, software programming in place to ensure that its payroll system is properly programmed to generate paychecks that always include, at a minimum, an employee's full salary. (App. 0159-0160 [Abel 30(b)(6) Dep. 66-67].) FieldCore further affirms, in a written policy disseminated to all employees, that exempt employees "will receive a salary that is intended to

9

compensate them for all hours worked for the Company in a given workweek, regardless of how many or how few hours were actually worked." (App. 0167 [Wage Compliance Policy].) And employees are reminded that "the salary is a fixed amount that will not be subject to deductions for variations in the quantity or quality of the work performed." (*Id.*) To underscore these policies and procedures, FieldCore encourages its employees to "immediately report" any concerns regarding pay, including "any improper deductions," up the chain, such as to their manager or to Human Resources. (App. 0168.)

In addition, FieldCore has employed and continues to employ professionals who are well-versed in and have broad knowledge of wage and hour laws, and who endeavor to classify jobs properly. For example, FieldCore's former Director of Human Resources for North America, Randell Bailey, was a certified compensation professional from WorldatWork (formerly the American Compensation Association). (Opp'n App. 0012 [Bailey Dep. 23:3-9].) That certification specifically included, among other things, "wage and hour laws under the Fair Labor Standards Act." (Opp'n App. 0012 [Bailey Dep. 23:10-14].) Bailey utilized this expertise when he analyzed whether the EHS professionals at issue in this case were properly classified as exempt, conducting a job analysis in 2010 and again in 2015-16. (Opp'n App. 0012 [Bailey Dep. 23:15-18]; Plaintiffs' App.[9] 282 [Bailey Dep. 11:10-21].) In so doing, Bailey not only analyzed the job description, but also "compare[d] the job description with the actual duties that are performed in the field by interviewing managers and the EHS professionals themselves." (Plaintiffs' App. 283 [Bailey Dep. 12:9-17].) Based on those analyses, Bailey "continued them in their exempt status." (Plaintiffs' App. 282 [Bailey Dep. 11:13-15].)[10]

---

[9] "Plaintiffs' App." refers to the Appendix that Plaintiffs filed (ECF 193-1) in support of their motion for partial summary judgment.

[10] Likewise, with regard to new job titles, as Plaintiffs' counsel recently told a different court in another pending lawsuit they have filed against Defendants, "Defendants' former [*sic*] Global

10

### A. *Plaintiffs Are Not Entitled to Summary Judgment on the Section 10 Good Faith Defense (29 U.S.C. § 259)*

Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, provides an employer with a complete defense against "liability or punishment" for failure to pay the required "minimum wage and overtime compensation." 29 U.S.C. § 259(a). To prove this defense, an employer must show that (1) its actions were taken in conformity with "any written administrative regulation, order, ruling, approval, or interpretation" of the Wage & Hour Administrator "or any administrative practice or enforcement policy [of the Administrator] with respect to the class of employers to which he belonged" (29 U.S.C. § 259(a), (b); 29 C.F.R. §790.14); (2) its actions were taken in reliance on that ruling or policy (*see* 29 U.S.C. § 259(a); 29 C.F.R. §790.16); and (3) it acted in good faith (*see* 29 U.S.C. §259(a), (b)(1)).

FieldCore stated, in answering Plaintiffs' interrogatories, that it relied on, among other things, "Wage & Hour Division interpretations and opinion letters regarding the duties and compensation of exempt employees," and on "29 C.F.R. §§ 541.200 *et seq.*, -.100 *et seq.*, -.708, and -.601; U.S. DOL, Wage & Hour Division Fact Sheets 17A, 17B, 17C, 17R, 17G, 17H," and "Dept. of Lab., Wage & Hour Div'n Op. Ltr. FLSA2003-5 (July 9, 2003)." (Plaintiffs' App. 012.) These regulations and Wage & Hour fact sheets interpret, define, and explain the U.S. Department of Labor's view of the FLSA's administrative, professional, and highly compensated employee exemptions, as well as describe the salary and compensation requirements for each. Further, Opinion Letter FLSA2003-5 specifies that an employer may pay extra compensation, including on a "straight

---

Compensation Director [John Wadsworth] testified that he would analyze the job description and determine if the description reflected 'exempt' or 'non-exempt' duties," and '[d]escriptions deemed 'exempt' would be paid a so-called 'salary' . . . " *Rodriguez v. FieldCore Servs. Sols., LLC, et al.*, No. 1:21-cv-02689-AT (N.D. Ga.), ECF 101 at 4 (Pl.'s Mot. in Support of Class Certification).

time" or "any other basis" to exempt employees without losing the exemption. 2003 WL 23374601, at *3.

Examining their work and pay through the lenses that those regulations and interpretations provide, FieldCore was objectively and subjectively justified in classifying Plaintiffs as exempt. Throughout the course of this litigation, which Plaintiff Greinstein filed on November 2, 2018 and that the other plaintiffs joined only after that over the course of several years, FieldCore has confirmed its understanding of those regulations while represented by competent and experienced wage and hour counsel, while contesting this case on the grounds that the exemptions apply, and while contesting six other cases that Plaintiffs' lawyers filed across the country making similar challenges. Then, in *Trottier*, this Court confirmed that FieldCore properly classified a plaintiff who performed analogous duties, and who also received additional compensation—beyond his weekly base salary—on an hourly basis, as exempt under the HCE exemption. 2022 WL 658765, at *7.

Further, Plaintiffs themselves have argued that the central issue in this case—whether they were each subject to, and if so whether FieldCore violated, the so-called "reasonable relationship" test—is unsettled.[11] While *Hewitt v. Helix Energy Solutions Group, Inc.*, 2142 S. Ct. 2674 (U.S. May 2, 2022) (granting *certiorari*), is not on all fours with this case, Plaintiffs sought to stay proceedings in this case pending the U.S. Supreme Court's disposition of that one. (ECF 173.) In support of their stay request, Plaintiffs argued that the Supreme Court's decision "will provide clarity on upcoming legal issues, including whether Greinstein prevails on primary claims [and] whether Defendants can support primary defenses." (ECF 173-1 at 6.) Plaintiffs are wrong in their reading of *Helix*. As this Court recognized: "In *Helix*, the Fifth Circuit calculated the plaintiff's pay

---

[11] Moreover, FieldCore reiterates, as noted in Defendants' pending summary judgment motion, that the U.S. Department of Labor opinion letter on which Plaintiffs hang their "reasonable relationship" argument was not even issued until *after* this litigation began. *See* U.S. DOL, Wage & Hour Division Op. Ltr. FLSA 2018-25, 2018 WL 5921453 (Nov. 8, 2018).

on a *daily* basis. 15 F.4th at 291. But here, neither party alleges Plaintiff is a day-rate employee. Parties instead disagree as to whether Plaintiff is paid on an *hourly* or *weekly* basis." *Greinstein v. Granite Servs. Int'l, Inc.*, Order on Pls.' Motion to Stay, ECF 180, at 3 (N.D. Tex. June 29, 2022) (emphases in original). Nevertheless, Plaintiffs' own view that "whether Greinstein prevails on primary claims [and] whether Defendants can support primary defenses" are open questions (ECF 173-1 at 6) means that their arguments against FieldCore's good faith are without merit.

Thus, although FieldCore continues to conclude that its actions taken with regard to Plaintiff and the Opt-In Plaintiffs have at all times been lawful, even if they were not, they were nevertheless reasonable and taken in good faith, as they were consistent with those taken by employers who have defended and won similar claims on appeal (*see, e.g.*, *Anani v. CVS RX Servs., Inc.*, 730 F.3d 146 (2d Cir. 2013); *Litz v. Saint Consulting Group, Inc.*, 772 F.3d 1 (1st Cir. 2014)) and that—as Plaintiffs perceive them—are sufficiently complicated that they warranted pressing pause in this case pending the Supreme Court's review.

### B. *Plaintiffs Are Not Entitled to Summary Judgment on the Section 11 Good Faith Defense to Liquidated Damages (29 U.S.C. § 260)*

For similar and additional reasons, the Court should deny Plaintiffs' motion for summary judgment on FieldCore's Section 11 good faith defense. Under that section, "the court may, in its sound discretion, award no liquidated damages" or reduce liquidated damages, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the Act. 29 U.S.C. § 260.

As a preliminary matter, FieldCore's assertion that it classified Plaintiffs as exempt in good faith and with reasonable grounds for believing the classification did not violate the FLSA does not give rise to an affirmative defense. *See, e.g.*, *Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464,

13

475 n. 2 (D.N.J. 2000) (holding employer not required to plead Section 11 defense under Rule 8(c)). It is a defendant's burden, at an appropriate time, to establish grounds that a court may find justifies an elimination or reduction in liquidated damages. *See, e.g.*, *Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) ("[T]he Act assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes."). Such "an award of liquidated damages is left to the 'sound discretion' of the court." *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971). Accordingly, good faith is not a defense typically determined at summary judgment (as opposed to a plaintiff's inability to establish that a defendant willfully violated the FLSA, which can be resolved on summary judgment). For instance, good faith requires courts to make factual determinations that would normally be left to a jury. *See, e.g.*, *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567 n.6 (11th Cir. 1991) (suggesting in dicta that whether plaintiff demonstrated sufficient honest intention to meet subjective good faith would "probably present fact determination by jury if it were required").

Accordingly, the Section 11 good faith defense to liquidated damages is not appropriately determined at summary judgment, as it is a matter entirely within the trial court's discretion to analyze and apply following a determination that an employer actually violated the FLSA. Given that Plaintiff only seeks partial summary judgment here, rather than judgment entirely in its favor, the Court has no cause to reach the good faith question on Plaintiffs' motion.

Moreover, even if the Court did reach the Section 11 good faith question, Plaintiffs would not be entitled to summary judgment on it. The undisputed evidence establishes:

- Defendants had sophisticated payroll and HR departments with members who received training and attended seminars on employee pay issues and study (both independently and as parts of their jobs) the FLSA's requirements. (*See* Opp'n App. 0012 [Bailey Dep. 23:3-18]; Plaintiffs' App. 193 [Wadsworth Dep. 31:21-32:4].)

- Their North America HR Leader assessed the exemption status of Plaintiffs' roles and others. (*See supra* at 10.)

- They had competent wage and hour lawyers engaged as outside counsel, before this litigation commenced and throughout the years it has been pending.

- They have monitored *Hewitt v. Helix* as it has wound its way through the courts and to the U.S. Supreme Court.

- They have seen this Court, in *Trottier*, hold that the HCE exemption applies and that Plaintiffs' "'reasonable-relationship test' argument . . . is of no consequence in this case." *Trottier*, 2022 WL 658765, at *7.

- They have monitored other cases that have determined employees with analogous jobs and pay to be exempt. (*See, e.g.*, ECF 195 at 23-30, 34-35 (citing cases).)

- They are aware of and have studied *Anani* and other cases regarding the HCE exemption and the salary basis requirement. (*See, e.g.*, ECF 23-24, 40 (citing *Anani* and other cases).)

- They have vigorously defended the six other cases (and continue to defend the four other remaining cases) that Plaintiffs' lawyers have filed, asserting essentially the same claims in each.

In light of these facts and circumstances, the Court should deny Plaintiffs summary judgment as to FieldCore's Section 11 good faith defense.

## CONCLUSION

For the foregoing reasons, Defendant FieldCore respectfully requests the Court deny Plaintiffs' motion for partial summary judgment in its entirety.

Date: January 6, 2023

Kelly D. Utsinger
Texas Bar No. 20416500
kelly.utsinger@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
500 S. Taylor, Suite 1200 LB 233
Amarillo, Texas 79101
Tel: (806) 376-5613
Fax: (806) 379-0316

Respectfully submitted,

s/ *Brett C. Bartlett*
Brett C. Bartlett*
Georgia Bar No. 040510
bbartlett@seyfarth.com
Kevin M. Young*
Georgia Bar No. 183770
kyoung@seyfarth.com
Zheyao Li
Texas Bar No. 24096419
zyli@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
Tel.: (404) 885-1500
Fax: (404) 892-7056

15

Theresa M. Waugh*
Florida Bar No. 89593
twaugh@seyfarth.com
121 West Trade Street, Suite 2020
Charlotte, NC 28202
Tel.: (704) 925-6060
Fax: (704) 731-0836

*Admitted pro hac vice

**Counsel for Defendants Granite Services International, Inc. and FieldCore Service Solutions, LLC**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

HERMAN GREINSTEIN, Individually and For Others Similarly Situated,

    Plaintiff,

v.

GRANITE SERVICES INTERNATIONAL, INC. and FIELDCORE SERVICES SOLUTIONS, LLC,

    Defendants.

Case No. 2:18-cv-00208-Z-BR

## **CERTIFICATE OF SERVICE**

I certify that on January 6, 2023, I filed the foregoing **DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court using the ECF system, which will send notification of such filing to the following attorneys of record:

| | |
|---|---|
| Michael A. Josephson | Richard J. (Rex) Burch |
| mjosephson@mybackwages.com | rburch@brucknerburch.com |
| Andrew Dunlap | BRUCKNER BURCH, PLLC |
| adunlap@mybackwages.com | 8 Greenway Plaza, Suite 1500 |
| Richard M. Schreiber | Houston, Texas 77046 |
| rschreiber@mybackwages.com | |
| JOSEPHSON DUNLAP, LLP | |
| 11 Greenway Plaza, Suite 3050 | |
| Houston, Texas 77046 | |

                              s/ *Brett C. Bartlett*
                              One of Counsel for Defendants