**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| HERMAN GREINSTEIN, Individually and for Others Similarly Situated, | Case No. 2:18-cv-00208-Z-BR |
| v. | Jury Trial Demanded |
| GRANITE SERVICES INTERNATIONAL, INC., and FIELDCORE SERVICES SOLUTIONS, LLC | FLSA Collective Action |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**

Respectfully submitted,

**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Richard M. Schreiber**
State Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com
mjosephson@mybackwages.com
rschrieiber@mybackwages.com

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**Channy F. Wood**
Texas Bar No. 00791954
cwood@woodlawfirm-tx.com
**WOOD LAW FIRM, LLP**
Physical: 610 S.W. 11th Avenue (79101)
Mailing: P.O. Box 1439
Amarillo, Texas 79105-1439
Telephone: 806.372.9663
Facsimile: 806.372.9664

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................................... ii

A.    SUMMARY. ............................................................................................................................... 1

B.    DEFENDANTS FAILED TO ESTABLISH A FACT ISSUE REGARDING PLAINTIFFS' JOB DUTIES.... 1

C.    DEFENDANTS DID NOT RAISE A FACT ISSUE ON THEIR "GOOD FAITH" DEFENSES. .............. 5

        1.    Plaintiffs Are Entitled to Summary Judgment on Defendants' § 259 Good Faith Defense. ........................................................................................................................ 5

        2.    Defendants' § 260 Good Faith Defense Also Failed as a Matter of Law ....................... 7

D.    CONCLUSION. ........................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

Cases

*Adams v. Travelers Indem. Co. of Conn.*,
  465 F.3d 156 (5th Cir. 2006) .................................................................................................. 1, 2, 5
*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*,
  515 F.3d 1150 (11th Cir. 2008) ...................................................................................................... 7
*Armstrong v. City of Dallas*,
  997 F.2d 62 (5th Cir.1993) ............................................................................................................. 7
*Barcellona v. Tiffany English Pub, Inc.*,
  597 F.2d 464 (5th Cir.1979) ........................................................................................................... 8
*Bernard v. IBP, Inc. of Nebraska*,
  154 F.3d 259 (5th Cir. 1998) .......................................................................................................... 8
*Brady v. Blue Cross & Blue Shield of Texas, Inc.*,
  767 F. Supp. 131 (N.D. Tex. 1991) ................................................................................................ 6
*Cahill v. City of New Brunswick*,
  99 F. Supp. 2d 464 (D.N.J. 2000) .................................................................................................. 7
*Carmack v. Park Cities Healthcare, LLC*,
  321 F. Supp. 3d 689 (N.D. Tex. 2018) .......................................................................................... 8
*Clark v. Centene Co. of Texas, L.P.*,
  44 F. Supp. 3d 674 (W.D. Tex. 2014) ....................................................................................... 4, 6
*Clark v. Centene Co. of Texas, L.P.*,
  656 F. App'x 688 (5th Cir. 2016) ................................................................................................... 4
*Duval v. N. Assurance Co. of Am.*,
  722 F.3d 300 (5th Cir. 2013) .......................................................................................................... 5
*Dybach v. Fla. Dep't of,*
  *Corrs.*, 942 F.2d 1562 (11th Cir. 1991) ......................................................................................... 4
*Ford Motor Co. v. Tex. Dept. of Transp.*,
  264 F.3d 493 (5th Cir. 2001) .......................................................................................................... 5
*Fowler v. OSP Prevention Grp., Inc.*,
  38 F.4th 103 (11th Cir. 2022) ......................................................................................................... 3
*Fowler v. S. Bell Tel. & Tel. Co.*,
  343 F.2d 150 (5th Cir. 1965) .......................................................................................................... 6
*Landgrave v. ForTec Med., Inc.*,
  581 F. Supp. 3d 804 (W.D. Tex. 2022) ................................................................................. 1, 2, 4
*Little v. Liquid Air Corp.*,
  37 F.3d 1069 (5th Cir. 1994) ...................................................................................................... 5, 7
*McClanahan v. Mathews*,
  440 F.2d 320 (6th Cir. 1971) .......................................................................................................... 7
*Miss. River Basin All. v. Westphal*,
  230 F.3d 170 (5th Cir. 2000) .......................................................................................................... 1
*Parrish v. Premier Directional Drilling, L.P.*,
  917 F.3d 369 (5th Cir. 2019) .......................................................................................................... 5
*Singer v. City of Waco, Tex.*,
  324 F.3d 813 (5th Cir. 2003) .......................................................................................................... 8

*Talon Mgmt. Servs. LLC v. Goliath Asset Mgmt., LLC,*
  No. 2:21-CV-049-Z-BR, 2022 WL 1160403 (N.D. Tex. Mar. 21, 2022) .......................................... 1, 5
*Tesco Corp. v. Weatherford Int'l, Inc.,*
  904 F. Supp. 2d 622 (S.D. Tex. 2012) .................................................................................................6
*Tillis v. S. Floor Covering, Inc.,*
  No. 3:16-CV-287-HTW-LRA, 2018 WL 4571924 (S.D. Miss. Sept. 24, 2018) ............................... 6, 7
*Trottier v. FieldCore Servs. Sols., LLC,*
  No. 2:20-CV-186-Z-BR, 2022 WL 658765 (N.D. Tex. Mar. 4, 2022) ...................................................7
*United States v. Jackson,*
  636 F.3d 687 (5th Cir. 2011) ................................................................................................................7
*United States v. Yanez Sosa,*
  513 F.3d 194 (5th Cir.2008) .................................................................................................................7
*York v. City of Wichita Falls, Tex.,*
  763 F. Supp. 876 (N.D. Tex. 1990) ......................................................................................................8

Statutes

29 U.S.C. § 216(b) ....................................................................................................................................8

Rules

Fed. R. Civ. P. 33(d) ................................................................................................................................6

Regulations

29 C.F.R. § 541.200(a)(3) .........................................................................................................................2
29 C.F.R. § 541.202(a) .............................................................................................................................2
29 C.F.R. § 541.203(g) .............................................................................................................................2
29 C.F.R. § 541.301(a) .............................................................................................................................4
29 C.F.R. § 541.301(e)(2) ........................................................................................................................4
29 C.F.R. § 541.601(a)(1) ..................................................................................................................... 1, 5

**A.     SUMMARY.**

The issue isn't whether Defendants' discovery responses were sufficient. It's whether a trial is necessary on their (1) highly compensated employee (HCE) exemption defense; (2) § 259 good faith defense; and (3) § 260 good faith defense. To avoid summary judgment on these affirmative defenses, Defendants must "identify specific evidence in the record and… articulate the precise manner in which that evidence" demonstrates there is a genuine issue of material fact for trial. *Landgrave v. ForTec Med., Inc.,* 581 F. Supp. 3d 804, 811 (W.D. Tex. 2022) (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006)). Defendants haven't, so "[s]ummary judgment is mandatory[.]" *Talon Mgmt. Servs. LLC v. Goliath Asset Mgmt., LLC,* No. 2:21-CV-049-Z-BR, 2022 WL 1160403, at *1 (N.D. Tex. Mar. 21, 2022).

**B.     DEFENDANTS FAILED TO ESTABLISH A FACT ISSUE REGARDING PLAINTIFFS' JOB DUTIES.**

Even if the duties test for the HCE exemption is more relaxed than the administrative or professional exemptions, Defendants still have to show Plaintiffs "customarily and regularly perform[] any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee." 29 C.F.R. § 541.601(a)(1).[1] More to the point, to avoid summary judgment, Defendants are "required to identify specific evidence in the record **and… articulate the precise manner in which that evidence**" demonstrates "the existence of a genuine fact issue" whether Plaintiffs customarily and regularly performed any exempt administrative or professional duty. *Landgrave,* 581 F. Supp. 3d at 811 (citing *Adams*, 465 F.3d at 164) (emphasis added). They haven't, so summary judgment is appropriate. *Id.* (citing *Miss. River Basin All. v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000)).

Instead of identifying specific evidence and articulating how that evidence demonstrates a fact question, Defendants just list a handful of duties and hope one of them is an exempt administrative

---

[1] Defendants don't claim Plaintiffs performed exempt executive duties. *See generally,* Doc. 206; *see also* Doc. 195 at 25-37.

1

or professional duty. *See* Doc. 206 at 6-7. That's not enough to avoid summary judgment. *Landgrave,* 581 F. Supp. 3d at 811. What's more, the duties Defendants list aren't even exempt duties. An exempt administrative job duty must "include[] the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3). Defendants' say Plaintiffs' "ultimate job duty…was to prevent onsite accidents." Doc. 206 at 6 (quoting Doc. 196-1, Defendants' Appx. 0039 at 116:19-20). Said differently, Plaintiffs' "ensure[d] compliance with environmental health, and safety factors, programs and procedures of Defendants and the government." *Id.* (quoting Doc. 196-1, Defendants' Appx. 0039 at 116:14-18); *see also* Defendants' Appx. 0037 (at 106:4-10), 0038 A-B (at 111:24-112:4), 0039 at (116:15-25 ("to ensure compliance with environmental, health, and safety factors, programs and procedures of [Defendants] and the government.")). But ensuring compliance with established standards doesn't constitute "the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3).

"In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the **various possibilities** have been considered." 29 C.F.R. § 541.202(a) (emphasis added). "The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision." *Id.* at § 541.202(c). Plaintiffs' work was akin to "inspection work [that] generally does not meet the duties requirements for the administrative exemption." 29 C.F.R. § 541.203(g). Plaintiffs weren't free to make "independent" decisions, their "decisions" were dependent in nature (e.g, if "X" happens, do "Y"). They may have had "some leeway in the performance of their work but only within closely prescribed limits" as defined by Defendants and governmental dictates. 29 C.F.R. § 541.203(g); *see* Doc. 214-1, Plaintiffs' Appx. 156, Farmer Depo. at 136:12-16. Defendants haven't identified evidence showing Plaintiffs exercised *discretion* and *independent* judgment. *Landgrave,* 581 F. Supp. 3d at 811 (citing *Adams,* 465 F.3d at 164).

Other Plaintiffs confirmed EHS Specialists did nothing more than ensure compliance with existing policies established by Defendants or the government. *See, e.g.,* Doc. 214-1, Plaintiffs' Appx. 150-51, 153-55, Farmer Depo. at 10:6-17, 11:1-8 ("it was just doing safety for the construction of that wind farm; same thing, making sure they were following the OSHA regulations and their own company policies, their employees, that is."), 40:1-6 (site safety setup is controlled by FieldCore's handbook), 41:24-42:5 ("my priority was the emergency response plan, making sure the OSHA regulations were followed, and making sure no one got hurt."). Plaintiffs didn't "manage" anything in the sense that they were allowed to make "decisions" other than to apply established FieldCore and governmental policies and procedures. Plaintiffs "manage[d] their required compliance activities" merely by "ensuring everybody is following the regulatory boards like OSHA." Doc. 214-1, Plaintiffs' Appx. 156, Farmer Depo. at 136:12-16. And didn't even "[a]nalyz[e] root causes to determine safety measures to prevent future incidents and influence the implementation of corrective actions." *Cf.* Doc. 195 at 27. "Analyzing the root causes is a manager's job … [Plaintiffs] would assist with the investigation, and help develop the … system you use to get to the root cause. But … the actual analyzing of that root cause … is entirely up to a manager, not up to an EHS specialist" like Plaintiffs. Doc. 214-1, Plaintiffs' Appx. 157, Farmer Depo. at 137:11-25. Such factual investigative work is not exempt work. *See, e.g., Fowler v. OSP Prevention Grp., Inc.,* 38 F.4th 103, 110 (11th Cir. 2022) ("investigative duties [like] … investigation (of course) and factfinding, compiling reports, and making calculations and recommendations" are not exempt work).

Thus, Defendants failed to demonstrate a genuine issue of fact whether Plaintiffs performed any exempt administrative duties.

It's even more obvious that Defendants failed to show a fact question whether Plaintiffs performed any exempt professional duties. An exempt professional job duty is one requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized

3

knowledge or instruction. 29 C.F.R. § 541.300. More specifically, it is (1) work the employee must perform requiring advanced knowledge; (2) the advanced knowledge must be in a field of science and learning; and (3) the advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction. 29 C.F.R. § 541.301(a). The professional exemption is limited to positions where a standard prerequisite for the job requires specialized academic training. 29 C.F.R. § 541.301(d). It does not apply where most employees acquired their skill through experience rather than advanced specialized intellectual instruction. *Clark v. Centene Co. of Texas, L.P.*, 656 F. App'x 688, 693 (5th Cir. 2016) (licensed vocational nurses are not "professionals" under the FLSA). Even if some employees have more advanced degrees or certifications, "the Court's focus in analyzing the availability of the learned professional exemption is on the minimum requirements for the job." *Clark v. Centene Co. of Texas, L.P.*, 44 F. Supp. 3d 674, 679 (W.D. Tex. 2014), aff'd, 656 F. App'x 688 (5th Cir. 2016); *see also Dybach v. Fla. Dep't of Corrs.*, 942 F.2d 1562, 1565 (11th Cir. 1991) ("[T]he determinative factor is the job requirement and not the education in fact acquired by the employee.").

Critically, Defendants identify no evidence, nor do they articulate any way EHS Specialists perform any professional duties. *See* Doc. 206 at 3-9. That's because being an EHS Specialist requires nothing more than a high school diploma, it does not require "a prolonged course of specialized intellectual instruction." *Compare* Doc. 196-1, Defendants' Appx. 0053, Greinstein's Depo. at 138:4-12. In other words, Defendants don't require EHS Specialists to have any degree much less a particular academic degree. *Id.* To the contrary, even a GED is sufficient. *Id.* So it should be clear that EHS Specialists "do not receive sufficient academic instruction to qualify as exempt learned professionals." *Clark*, 656 F. App'x at 693 (citing 29 C.F.R. § 541.301(e)(2)). But this evidence isn't even required for the Court to grant summary judgment. Again, Defendants didn't articulate how any of Plaintiffs' job duties require advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized knowledge or instruction. *Landgrave,* 581 F. Supp. 3d at 811 (citing

4

*Adams*, 465 F.3d at 164). Thus, they have failed to demonstrate a genuine issue of fact whether Plaintiffs performed any exempt professional duties.

Plaintiffs met their initial summary judgment burden of "show[ing] … that there is an absence of evidence" (*Talon Mgmt. Servs. LLC,* 2022 WL 1160403, at *1) to show Plaintiffs "customarily and regularly perform[] any… exempt duties or responsibilities of an executive, administrative or professional employee" (29 C.F.R. § 541.601(a)(1)). Doc. 193 at 8-10. Defendants failed to "designate specific facts demonstrating that there is a genuine issue of material fact for trial." *Talon Mgmt. Servs. LLC,* 2022 WL 1160403, at *1. "Summary judgment is mandatory" on Defendants' HCE exemption because they "fail[ed] to meet this burden." *Id.* (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)).

### C. DEFENDANTS DID NOT RAISE A FACT ISSUE ON THEIR "GOOD FAITH" DEFENSES.

Defendants' argument that Plaintiffs can't establish that Defendants willfully violated the FLSA (Doc. 206 at 9-10) has no bearing on whether Defendants have identified evidence to demonstrate a fact question that they acted in good faith. Not only does "willfulness" carry a different standard then "good faith," "[w]hen parties file cross-motions for summary judgment, [courts must] review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Parrish v. Premier Directional Drilling, L.P.,* 917 F.3d 369, 380 (5th Cir. 2019) (quoting *Duval v. N. Assurance Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013) & *Ford Motor Co. v. Tex. Dept. of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)). And since Defendants have failed to demonstrate a fact question, the Court should grant Plaintiffs' motion for summary judgment. *Talon Mgmt. Servs. LLC,* 2022 WL 1160403, at *1.

#### 1. Plaintiffs Are Entitled to Summary Judgment on Defendants' § 259 Good Faith Defense.

Defendants still haven't (1) specifically identified the authorities upon which they claim to have relied; or (2) identified any evidence that they actually relied, in good faith, on any specific, qualifying

authority. *See* Doc. 206 at 11-13. Thus, Defendants' § 259 good faith affirmative defense fails. *See Tillis v. S. Floor Covering, Inc.,* No. 3:16-CV-287-HTW-LRA, 2018 WL 4571924, at *8 (S.D. Miss. Sept. 24, 2018) ("Since Defendants have not identified any regulation or interpretation upon which they supposedly relied in creating their work scheme, this court is persuaded that summary judgment is appropriate in favor of Plaintiffs on this affirmative defense.").

Defendants say they relied on every "Wage & Hour Division interpretation[] and opinion letter[] regarding the duties and compensation of exempt employees." Doc. 206 at 11 (citing Doc. 193-1, Plaintiffs' Appx. 012. To make matters worse, Defendants' interrogatory answer—which they claim is their "evidence"—puts the burden Plaintiffs to figure out which authorities Defendants relied upon. Doc. 193-1, Plaintiffs' Appx. 012 ("Pursuant to Fed. R. Civ. P. 33(d), [Defendants] refer[] Plaintiffs to publicly-available statutes and regulations, U.S. DOL, Wage & Hour Division interpretations and opinion letters regarding the duties and compensation of exempt employees, and to interpreting case law."). Defendants' lack of specificity is astonishing, and they are no more specific in their response to Plaintiffs' motion for summary judgment. *See* Doc. 206 at 11-13. Defendants therefore failed to raise a fact question as to the first element: to specifically identify the authorities upon which they claim to have relied. *Clark,* 44 F. Supp. 3d at 685.

Nor have they shown a fact question for the second element: that they—in good faith—acted in actual conformance with, and reliance upon, the authorities identified. *Id.* Again, the only evidence Defendants point to is their answer to Interrogatory No. 6. Doc. 206 at 11 (citing Doc. 193-1, Plaintiffs' Appx. 012). But Defendants' answer to Interrogatory No. 6 is not verified. Doc. 193-1, Plaintiffs' Appx. 018 (Defendants verified only as to Answers 1, 2, 8, and 9.). And unverified interrogatory answers are not competent summary judgment evidence. *See Tesco Corp. v. Weatherford Int'l, Inc.,* 904 F. Supp. 2d 622, 636 (S.D. Tex. 2012); *Fowler v. S. Bell Tel. & Tel. Co.,* 343 F.2d 150, 154 (5th Cir. 1965); *Brady v. Blue Cross & Blue Shield of Texas, Inc.,* 767 F. Supp. 131, 135 (N.D. Tex. 1991).

6

In a last-ditch effort to show good faith, Defendants say "[t]hroughout the course of this litigation… [they have] confirmed [their] understanding" that their pay practice doesn't violate the FLSA. Doc. 206 at 12. They also suggest *Trottier v. FieldCore Servs. Sols., LLC,* No. 2:20-CV-186-Z-BR, 2022 WL 658765, at *7 (N.D. Tex. Mar. 4, 2022) and *Hewitt v. Helix Energy Solutions Group, Inc.*, 2142 S. Ct. 2674 (U.S. May 2, 2022) somehow show they acted in good faith. *Id.* But Defendants' actions could not have been in reliance on those authorities as they did not exist until after this lawsuit was filed.

"Since Defendants have not [specifically] identified any regulation or interpretation upon which they supposedly relied in creating their work scheme," the Court should grant Plaintiffs' motion for summary judgment. *Tillis,* 2018 WL 4571924, at *8.

### 2. Defendants' § 260 Good Faith Defense Also Failed as a Matter of Law.

Defendants claim its § 260 good faith defense "is not appropriately determined at summary judgment." Doc. 206 at 14. Yet the cases Defendants cite to confirm the employer has the burden of proof at trial. *See Cahill v. City of New Brunswick,* 99 F. Supp. 2d 464, 475 n.2 (D.N.J. 2000) ("it is clear that the burden of proof on this issue rests with the employer"); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1163 (11th Cir. 2008) ("The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages."); *McClanahan v. Mathews,* 440 F.2d 320, 322 (6th Cir. 1971) (same). The fact that liquidated damages is left to the discretion of the court doesn't mean good faith can't be resolved at summary judgment. A court "abuses its discretion when its ruling is… a clearly erroneous assessment of the evidence. *United States v. Jackson,* 636 F.3d 687, 692 (5th Cir. 2011) (quoting *United States v. Yanez Sosa,* 513 F.3d 194, 200 (5th Cir.2008). Which is why "summary judgment must be granted" "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little,* 37 F.3d at 1075–76 (quoting *Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993)).

7

The FLSA **presumes** workers are entitled to an amount equal to their actual damages as liquidated damages. *See* 29 U.S.C. § 216(b); *Carmack v. Park Cities Healthcare, LLC,* 321 F. Supp. 3d 689, 706 (N.D. Tex. 2018). In other words, liquidated damages are "mandatory [unless] the employer shows (1) 'that the act or omission giving rise to such action was in good faith' and (2) 'that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" *Carmack,* 321 F. Supp. 3d at 706 (citing 29 U.S.C. § 260). "The employer has the burden of demonstrating both elements." *York v. City of Wichita Falls, Tex.,* 763 F. Supp. 876, 880 (N.D. Tex. 1990). "[G]ood faith includes a duty to investigate potential liability under the FLSA." *Id.* (citing *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 469 (5th Cir.1979)). Employers cannot "blindly operate [their] business without making any investigation as to their responsibilities under the labor laws." *Barcellona,* 597 F.2d at 469. The employer's burden to overcome the presumption for liquidate damages is "substantial." *Singer v. City of Waco, Tex.,* 324 F.3d 813, 823 (5th Cir. 2003) (cleaned up); *Bernard v. IBP, Inc. of Nebraska,* 154 F.3d 259, 267 (5th Cir. 1998).

Defendants' evidence comes nowhere near that standard. It certainly doesn't demonstrate a genuine issue of fact for trial. Much of Defendants' "evidence" is not, in fact, evidence at all. *See* Doc. 206 at 15. For example, Defendants say "[t]hey had competent wage and hour lawyers engaged as outside counsel, before this litigation commenced and throughout the years it has been pending." *Id.* But no evidence supports that claim, and Defendants don't even cite to anything in the record. So that statement cannot defeat summary judgment. Defendants also say they "have monitored," "have seen," or "are aware" of other FLSA cases. *Id.* Or that they "have vigorously defended six other [FLSA] cases." *Id.* But all of that happened *after* this lawsuit was filed, so it cannot be evidence of good faith. Defendants included those six bullet points (*id.* at 15) because it knows two vague facts (*id.* at 14) is nowhere near sufficient to overcome the presumption for liquidated damages.

8

Defendants say they "had sophisticated payroll and HR departments with members who received training and attended seminars on employee pay issues and study (both independently and as parts of their jobs) the FLSA's requirements" and "[t]heir North America HR Leader assessed the exemption status of Plaintiffs' roles and others." *Id.* But they provide no specificity or documentation to support their conclusory statements that they "assessed the exemption status of Plaintiffs' roles and others." *Id.* Even taking Defendants' limited evidence as true, it falls far short of the substantial burden to establish good faith.

The Court should grant summary judgment as to Defendants' § 260 good faith defense.

### D. CONCLUSION.

For the reasons set forth herein, the Court should grant Plaintiffs' motion for summary judgment and deny Defendants' HCE exemption and good faith defenses.

Respectfully submitted,

By: */s/ Richard M. Schreiber*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Richard M. Schreiber**
Texas Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

        **Richard J. (Rex) Burch**
        Texas Bar No. 24001807
        **BRUCKNER BURCH PLLC**
        11 Greenway Plaza, Suite 3025
        Houston, Texas 77046
        713-877-8788 – Telephone
        710-877-8065 – Facsimile
        rburch@bruckerburch.com

        **AND**

        **Channy F. Wood**
        Texas Bar No. 00791954
        cwood@woodlawfirm-tx.com
        **WOOD LAW FIRM, LLP**
        Physical: 610 S.W. 11th Avenue (79101)
        Mailing: P.O. Box 1439
        Amarillo, Texas 79105-1439
        Telephone: 806.372.9663
        Facsimile: 806.372.9664

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 7th day of February, 2023.

        */s/ Richard M. Schreiber*
        **Richard M. Schreiber**