IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HERMAN GREINSTEIN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:18-CV-208-Z-BR |
| GRANITE SERVICES INTERNATIONAL, INC., *et al.*, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS**

The Motion for Partial Summary Judgment filed by Plaintiff Herman Greinstein ("Greinstein"), (ECF 192), and the Motion for Summary Judgment filed by Defendants Granite Services International, Inc. and Fieldcore Services Solutions, LLC (collectively, "Defendants"), (ECF 194), have been referred to the undersigned for preparation of these Findings, Conclusions, and Recommendations ("FCR"). (ECF 222). The undersigned heard oral argument regarding the substantive matters raised in the Motions on April 12, 2023, (ECF 230), and ordered supplemental briefing on the final points detailed herein, (ECF 232). Having considered the arguments, the submitted briefing, attendant appendices, relevant law, and for the reasons stated below, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that both Motions be denied in full.

**I.   BACKGROUND**

The relevant facts of this case have been exhaustively recited in this matter on two previous occasions, (ECF 58; ECF 126), so the undersigned will not re-examine them here. Suffice it to say that Greinstein serves as class representative for, and is himself a member of, a

group of environmental, health, and safety ("EHS") employees who claim they were wrongly denied overtime pay by Defendants, (ECF 126 at 2), which counsel represents to the Court are different names for what is functionally the same entity. (ECF 231).

On November 20, 2020, the class was conditionally certified, (ECF 126), and the matter proceeded through a protracted period of litigation, now culminating in cross motions for summary judgment. Greinstein and his cohorts move on Defendants' highly compensated employee ("HCE") and good faith affirmative defenses. (ECF 192 at 1). Defendants, meanwhile, move for complete summary judgment on Greinstein's and several, but not all, opt-in Plaintiffs' claims, arguing they were exempt administrative or professional employees ("EAP") under the relevant regulations or, alternatively, the HCE exemption. (ECF 194 at 1).

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248. To determine whether there are any genuine issues of material fact, the Court must first ascertain the factual issues that are material under the applicable substantive law. *See id*.; *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 178 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075–76 n.14 (5th Cir. 1994).

The Court must next review the evidence on those issues, viewing the facts in the light

most favorable to the nonmoving party. *Lavespere*, 910 F.2d at 178; *Newell v. Oxford Mgmt., Inc.*, 912 F.2d 793, 795 (5th Cir. 1990) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986) (internal quotation marks omitted)); *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). However, Rule 56 "does not impose upon the district court a duty to sift through the record in search of evidence to support" a party's motion for, or opposition to, summary judgment. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 n.7 (5th Cir. 1992) (Wisdom, J., dissenting). The Court should not weigh the evidence and determine the truth of the matter in determining whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine dispute for trial exists. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) (citations omitted).

If "the movant bears the burden of proof on an issue, either because he is the plaintiff or, as a defendant, he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot*, 780 F.2d at 1194 (emphasis in original). The "beyond peradventure" standard imposes a "heavy" burden. C*ont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. 2007) (citing *Bank One, Tex., N.A.*

*v. Prudential Ins. Co. of Am.*, 878 F.Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot*, 780 F.2d at 1194)).

### III. ANALYSIS

The Fair Labor Standards Act of 1938 ("FLSA") requires, subject to certain exceptions, employees be paid time-and-a-half for any work performed above and beyond forty hours per week. 29 U.S.C. § 207(a)(1). The two exceptions relevant to this action are those pertaining to employees whose work is executive, administrative or professional in nature, 29 U.S.C. § 213(a)(1), and employees who are highly compensated. 29 C.F.R. § 541.601(a)(1). Both parties assert they are entitled to relief as to the HCE exemption, while only Defendant affirmatively asserts victory at this stage as to the EAP exemption. (ECF 192; ECF 194).

#### a. Defendant's Compensation Scheme

In examining this issue, the undersigned is guided by a well-trodden analytical path. For the EAP exemption to apply, the employee must (1) work "in a [*bona fide*] executive, administrative, or professional capacity," and (2) be compensated for their work "on a salary…basis." *Belt v. EmCare, Inc.*, 444 F.3d 403, 407 (5th Cir. 2006). To succeed on this affirmative defense, now or at trial, Defendants must carry the day on both points.

For the HCE exemption to apply, an employee must (1) be compensated in the amount of $107,432 or more; (2) primarily be engaged in office or nonmanual work; and (3) customarily perform at least one of the duties of an executive, administrative, or professional employee. 29 C.F.R. § 541.601(a)(1); *Keating v. Flowco Production Solutions, LLC*, --- F. Supp. 3d ---, 2023 WL 1096453, at *3 (W.D. Tex. Jan. 14, 2023). As with the EAP exemption, Defendants must prevail on all three points to triumph. Conversely, for Greinstein's Motion to succeed, he must

prevail on only one of the three because, as previously stated, the HCE exemption is an affirmative defense available to, and pled by, Defendants.

Defendants' Motion could theoretically succeed upon victory as to either exemption, but first Defendants must pass through one final gate. 29 C.F.R. § 541.604 governs compensation schemes of the type used here, namely those where employers provide some sort of flat compensation with additional, generally overtime- or performance-related, incentives. The provision reads:

> (a) An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis. Thus, for example, an exempt employee guaranteed at least $684 each week paid on a salary basis may also receive additional compensation of a one percent commission on sales. An exempt employee also may receive a percentage of the sales or profits of the employer if the employment arrangement also includes a guarantee of at least $684 each week paid on a salary basis. Similarly, the exemption is not lost if an exempt employee who is guaranteed at least $684 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek. Such additional compensation may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off.
>
> (b) An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned. The reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek. Thus, for example, an exempt employee guaranteed compensation of at least $725 for any week in which the employee performs any work, and who normally works four or five shifts each week, may be paid $210 per shift without violating the $684–per-week salary basis requirement. The reasonable relationship requirement applies only if the employee's pay is computed on an hourly, daily or shift basis. It does not apply, for example, to an exempt store manager paid a

> guaranteed salary per week that exceeds the current salary level who also receives a commission of one-half percent of all sales in the store or five percent of the store's profits, which in some weeks may total as much as, or even more than, the guaranteed salary.

*Id.*

The relevant provision for the purposes of this case is § 541.604(a) because it is applicable to employees paid on a weekly basis, like Greinstein and the other Plaintiffs, in contrast to § 541.604(b), which is applicable to workers paid on "an hourly, a daily or a shift basis."[1] *Hebert v. FMC Technologies, Inc.*, 2022 WL 17422642, *3 (S.D. Tex. Sept. 17, 2022) (observing that § 541.604(b) did not apply to plaintiff because he was not paid on an hourly, daily, or shift basis).

For Defendants to ultimately be entitled to the dismissal they request, they must, in addition to victory on either the HCE or EAP exemptions, prevail on § 541.604(a)'s requirement of a weekly guarantee. As before, though, if Greinstein is victorious on this one plank, he is successful. The parties spend scarcely any time addressing § 541.604(a) in their briefs. In the undersigned's view, however, it is the hinge upon which the entire case turns. Accordingly, the parties were directed to submit supplemental briefing to allow for adequate airing of the issues.[2]

---

[1] Greinstein vigorously contests this conclusion, citing the Supreme Court's recent decision in *Helix*. (ECF 233, citing *Helix Energy Solutions Group, Inc. v. Hewitt*, 143 S.Ct. 677 (2023)). However, the Court made clear in the decision that § 541.604(b) is only applicable to workers paid on a basis more frequently than Greinstein: "§ 541.604(b)…focuses on workers whose compensation is computed on an hourly, a daily or a shift basis, rather than a weekly or less frequent one." *Helix*, 143 S.Ct. at 684 (cleaned up; quotation marks omitted). Prior decisions in this division have likewise reached an identical conclusion. *Trottier v. FieldCore Services Solutions, LLC*, 2022 WL 658765, at *7 (N.D. Tex. Mar. 4, 2022) (Kacsmaryk, J.).

[2] This FCR will not address any issues beyond § 541.604, except those relating to the good faith affirmative defenses, because they are not necessary to the disposal of these Motions. The Fifth Circuit has directed trial courts to make decisions "on the narrowest legal grounds available." *Korioth v. Brisco*, 523 F.2d 1271, 1275 (5th Cir. 1975). Because the undersigned's ultimate conclusion on § 541.604 has the practical effect of mooting all other issues, the undersigned does not express, and the parties should not impute, a view on any other matters not explicitly addressed herein.

§ 541.604(a) requires employers, if they wish to provide overtime compensation to salaried employees, to provide a weekly guarantee. A survey of the offer letters Defendants sent to the various Plaintiffs reveal there was no guarantee here.

The offer letter sent to Greinstein, dated August 19, 2016, states, "[i]n any week that you perform work for the company, you will be paid a weekly salary at the rate of $1,800.00 per week, regardless of the number of hours (up to 40) worked in a week." (ECF 196-1 at 17). While the letter is careful to make all the correct incantations for an overtime exemption under the regulations, it is devoid of a guarantee of a weekly payment of the sort required by § 541.604(a). To wit, it explicitly states employees will not be paid in weeks they do not work. That is not a guarantee. The offer letters of other Plaintiffs are constructed similarly.[3] Because there is no guarantee of weekly payment to be found in the offer letters, the compensation scheme clearly runs afoul of § 541.604. For that reason, Plaintiffs cannot be considered exempt employees and Defendants are not entitled to the refuge of the HCE exemption.

Conceptually, § 541.604 seems designed to protect workers against employers who would wish to have the benefits of salaried employees without the drawbacks. If § 541.604 did not exist, Defendants, at least as it relates to Greinstein, would be free from the overtime requirements imposed by the regulations without having to pay either overtime compensation or a genuine salary. Employers who hire salaried workers accept that they will pay those workers the same

---

[3] Defendants' offer letters to Stephen Jones, Byron White, Antonio Flores, Ray Hightower, Jesse Jackson Kathleen Cancienne, Edwin Collazo, Eric Farmer, Edward Geers, Matthew Starr, Calvin Oberndorfer, and Adilson Quintela all contain language identical to Greinstein, namely, that they will be paid "in any week" in which they work for the company. (ECF 196-1 at 172–93). The offer letter for Altonia Williams uses slightly different language, though with the same substance: "[w]hile you are actively employed with us in this exempt position…" (ECF 196-1 at 181).

amount every week regardless of the fluctuating workload. Some weeks it may be a better deal for the employer, in others, the employee. Similarly, employees agree to accept salaried compensation because they receive attendant peace of mind that they have a stable income, even though they may work more hours for less pay than they otherwise would if they were paid hourly. There are benefits to both parties in this scheme. Dana Miranda & Cassie Bottorff, *Hourly Wage vs. Salary: Differences, Pros & Cons*, https://www.forbes.com/advisor/business/hourly-wage-vs-salary/ (last visited Apr. 20, 2023).

With those principles in mind, though, it is clear that the regulations, particularly in light of § 541.604, do not contemplate a scenario such as the one here, where employers attempt to designate employees as salaried without actually having to walk the walk. Allowing employers to engage in a practice whereby an employer is only paid when they work, without a guarantee of work, as here, improperly shifts all benefits of a salary scheme to the employer.

The undersigned is mindful of the tension between § 541.604 and § 541.602, as raised by counsel for Defendants. (ECF 230; ECF 234 at 3, 4). In substance, Defendants point out that § 541.602(a)(1) does not require employees to be paid if they do not work, which is fundamentally at odds with § 541.604(a)'s requirement of a weekly guarantee. But a text-focused reading of the regulations alleviates this concern.

It is clear the regulations, as excerpted above, anticipate a situation where an employer, in choosing to provide overtime compensation, may endanger the exempt status of an otherwise salaried employee. The purpose of a salary as payment is to compensate an employee for performing a function within a business regardless of the number of hours needed to do so. Under

the regulations though, additional, overtime-tied compensation can only be provided to employees if it is linked to a weekly guarantee.

This conclusion is bolstered by the Fifth Circuit's *en banc* decision in *Hewitt v. Helix Energy Solutions Group, Inc.* 15 F.4th 289 (5th Cir. 2021), *aff'd*, 143 S.Ct. 677 (2023) ("*Helix II*"). There, the court, while examining the provisions of § 541.604(b), had the following to say about the minimum weekly guarantee: it ensures that an employee "still receives a guaranteed amount each week," regardless of how much an employee works. *Id.* at 294 (citations and quotation marks omitted). "In other words, it sets a floor for how much the employee can expect to earn," regardless of how much an employee works. *Id.* (citations and quotation marks omitted). Though the Fifth Circuit stated thusly in reference in § 541.604(b), the undersigned can discern no reason why the same logic should not apply to an identical proviso that appears one paragraph earlier. To the contrary, it is a useful tool when attempting to discern meaning from the text.[4] It is clear then that the regulations are not internally at odds when they require a weekly guarantee in § 541.604(a) but do not require employers to compensate employees when they do not work. Instead, they require payment even when an employee does not work *only when the employer also provides additional compensation*. *Rowe v. Reynolds*, --- F. Supp. 3d ---, 2022 WL 4181731, at *8 (S.D. Iowa Aug. 30, 2022) (citing *Coates v. Dassault Falcon Jet Corp.*, 961 F.3d 1039, 1042–43 (8th Cir. 2020)).[5]

---

[4] Courts commonly engage in an exercise such as this; looking to the teachings of a higher court regarding a similar provision for instruction on interpreting the one before it.

[5] It should be noted than *Coates* is cited approvingly throughout *Helix II*. *See generally* 15 F.4th 289.

Defendants are largely correct in their assertion that this action boils down to complaints by Greinstein and the other Plaintiffs that they were paid "too much." (ECF 234 at 3). They are also correct that § 541.602(a) and other provisions state that, essentially, exempt employees need not be paid for weeks in which they do not work. (*Id.* at 4). Defendants even have multiple cases to support their contention. (*Id.*). But what their argument misses is critical: when additional compensation, beyond a flat 'salary,' is provided to employees as part of their compensation, there must be a guarantee. The regulations refer to this scheme as a "minimum guarantee plus extras." § 541.604. So, while it is true that employees paid only a salary need not be paid for weeks in which they do not work, if an employer provides additional compensation, it must be accompanied by a guarantee. It was not here.

Importantly, the cases Defendants cite support this conclusion. Neither *Hagadorn v. M.F. Smith & Associates, Inc.*, 1999 WL 68403 (10th Cir. 1999), nor *Scholtisek v. Eldre Corp*, 697 F. Supp. 2d 445 (W.D.N.Y. 2010), concern employees that were paid in a manner similar to this case. Instead, they were paid on a flat salary with no additional compensation. For that reason, the dictates of § 541.602(a) are applicable to them. But because additional, overtime compensation was paid to Greinstein and the others here, § 541.604, and its minimum guarantee requirement, is the provision the undersigned must look to here.

Because there is no guarantee, Defendants lose the ability to assert any exemption over Plaintiffs. At bottom, Defendants cannot pay overtime compensation to their employees without also providing a weekly guarantee. Whatever the merits, that is the field of play imposed by the

regulations. Accordingly, the undersigned recommends that Defendants' Motion be denied in full and Greinstein's Motion as to the HCE exemption be denied as moot.[6]

### b. Good Faith Affirmative Defense

Greinstein also moves for summary judgment on Defendants' good faith affirmative defenses under 29 U.S.C. §§ 259 and 260. (ECF 193 at 14–16).

In federal cases, "the party moving for summary judgment must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues." *Bank of America, N.A. v. Fulcrum Enterprises, LLC*, 20 F. Supp. 3d 594, 602 (S.D. Tex. May 19, 2014) (citations omitted). To be sure, while "federal law, clearly contemplates summary judgment in circumstances where there is truly no evidence," it is the movant's burden to bear. *Id.*

While Greinstein makes the correct legal incantations to justify his Motion, it is clear that, in substance, it is little more than a 'no-evidence' motion of the type typical in Texas state courts. Such motions are not recognized in federal court. *Id.* Throughout his Motion on these issues, Greinstein alternates between alleging Defendants "have no evidence" to support the affirmative defenses and arguing Defendants "have not identified the authorities" that support the defenses before conclusively stating Defendants "cannot meet [their] substantial burden." (ECF 193 at 14–17). While Greinstein is correct that Defendants do bear such a burden at trial, when it comes to a

---

[6] To restate the undersigned's conclusion, because Defendants did not provide a weekly guarantee as required by § 541.604(a), they cannot assert any exemption over Plaintiffs, thereby mooting Greinstein's Motion as to the HCE issue.

summary judgment motion, Plaintiff bears the burden to "demonstrate the absence of genuine factual issues." *Fulcrum Enterprises*, 20 F. Supp. 3d at 602. Simply asserting a defendant has no evidence to support its pled defenses is not adequate. Accordingly, the undersigned recommends Greinstein's Motion for Summary Judgment as to the good faith affirmative defenses be denied as improper.

### IV. CONCLUSION AND RECOMMENDATION

It is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that both Defendants' Motion for Summary Judgment, (ECF 194), and Greinstein's Motion for Partial Summary Judgment, (ECF 192), be denied.[7]

### V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 4, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[7] The undersigned recommends that Defendant's Motion be denied, while Greinstein's Motion as to the HCE exemption be denied as moot and his Motion as to the good faith affirmative defenses be denied as improper. The practical effect of this recommendation is to prohibit Defendants from arguing Greinstein and the other Plaintiffs were exempt employees at trial. Accordingly, Defendants will only be able to argue on its good faith affirmative defenses, to the extent they are applicable.

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that they must do so in accordance with the Order previously issued by the undersigned. (ECF 228). Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).