IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| HERMAN GREINSTEIN, | |
| Plaintiff, | |
| v. | 2:18-CV-208-Z-BR |
| GRANITE SERVICES INTERNATIONAL, INC., *et al.*, | |
| Defendants. | |

**ORDER ADOPTING
FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the findings, conclusions, and recommendation of the United States Magistrate Judge to (1) deny as moot the Motion for Partial Summary Judgment filed by Plaintiff Herman Greinstein (ECF No. 192) and (2) deny the Motion for Summary Judgment filed by Defendants Granite Services International, Inc. and Fieldcore Services Solutions, LLC (ECF No. 194). ECF No. 235. Objections to the findings, conclusions, and recommendation, and responses thereto have been filed. After making an independent review of the pleadings, files, records, and objections in this case, the Court concludes that the findings, conclusions, and recommendation of the Magistrate Judge are correct. It is therefore **ORDERED** that the findings, conclusions, and recommendation of the Magistrate Judge are **ADOPTED**.

Below, the Court further explains its statutory construction of 29 C.F.R. §§ 541.602(a), 604(a), and 604(b) in light of recent Fifth Circuit and Supreme Court precedent.[1] In summary, this Court ascertains that the *Helix* analysis applied to Section 604(b) should also apply to Section 604(a).

---

[1] This Order will refer to the Fifth Circuit decision as "*Helix I*," the Supreme Court's decision as "*Helix II*," and the case itself, as simply "*Helix*."

**INTRODUCTION**

"The Fair Labor Standards Act (FLSA) establishes a standard 40-hour workweek by requiring employers to pay 'time and a half' for any additional time worked." *Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289, 290 (5th Cir. 2021), *cert. granted*, 142 S. Ct. 2674 (2022), and *aff'd*, 143 S. Ct. 677 (2023) ("*Helix I*") (Ho, J.). "Congress enacted the FLSA to eliminate both 'substandard wages' and 'oppressive working hours.'" *Helix Energy Sols. Grp., Inc. v. Hewitt*, 143 S. Ct. 677, 682 (2023) ("*Helix II*") (Kagan, J.). With congressional authorization, the Secretary of Labor "promulgate[d] regulations exempting bona fide executive, administrative, and professional employees from overtime." *Id.* (internal marks omitted). Relevant here, "the Secretary has exempted 'highly compensated' as well as more modestly paid 'executive,' 'administrative,' and 'professional' employees." *Id.* (internal marks omitted); *see* 29 C.F.R. § 541.601; 29 C.F.R. § 213; ECF No. 235 at 4. These are referred to as "HCE" and "EAP" exemptions, respectively. The Secretary set out standards for each exemption, and "[i]f that standard is met, the employee has no right to overtime wages." *Helix II*, 143 S. Ct. at 682.

For either the HCE or EAP exemption to apply, "three conditions must be met: First, the employee must meet certain criteria concerning the performance of executive, administrative, and professional duties. Second, the employee must meet certain minimum income thresholds. Finally, the employee must be paid on a 'salary basis.'" *Helix I*, 15 F.4th at 290. "And although the duties criteria and income thresholds vary from exemption to exemption, the regulations apply the same salary-basis requirement to [both] exemptions." *Id.* (internal marks omitted). "When all three criteria are met, the employee . . . is excluded from the FLSA's protections." *Helix II*, 143 S. Ct. at 683.

REGULATIONS

Two regulations "give content to the salary-basis test" — *i.e.*, "the hinge upon which the entire case turns." *Id.*, ECF No. 235 at 6. The *Helix* decisions therefore guide this Court's decision, even though they interpreted Section 604(b), and this case implicates Section 604(a). The main salary-basis provision — entitled "Salary basis" — is set out in Section 541.602(a):

> An employee will be considered to be paid on a 'salary basis' . . . if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to [certain exceptions], an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. Exempt employees need not be paid for any workweek in which they perform no work.

The other provision — entitled "Minimum guarantee plus extras" — is arranged in two subparts and reads:

> (a) An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis. Thus, for example, an exempt employee guaranteed at least $684 each week paid on a salary basis may also receive additional compensation of a one percent commission on sales. An exempt employee also may receive a percentage of the sales or profits of the employer if the employment arrangement also includes a guarantee of at least $684 each week paid on a salary basis. Similarly, the exemption is not lost if an exempt employee who is guaranteed at least $684 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek. Such additional compensation may be paid on any basis (*e.g.*, flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off.

> (b) An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned. The reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek. Thus, for example, an exempt employee guaranteed compensation of at least $725

for any week in which the employee performs any work, and who normally works four or five shifts each week, may be paid $210 per shift without violating the $684–per-week salary basis requirement. The reasonable relationship requirement applies only if the employee's pay is computed on an hourly, daily or shift basis. It does not apply, for example, to an exempt store manager paid a guaranteed salary per week that exceeds the current salary level who also receives a commission of one-half percent of all sales in the store or five percent of the store's profits, which in some weeks may total as much as, or even more than, the guaranteed salary.

29 C.F.R. § 541.604.

### *HELIX I, HELIX II*

The *Helix* decisions applied Section 604(b) because the employee was paid on a daily rate, and the employer alleged he was exempt from overtime as an HCE. As addressed above, HCE and EAP exemptions must satisfy three conditions, including the salary basis requirement. The general rule is Section 602(a), "and then there are various exceptions and provisos to that general rule." *Helix I*, 15 F.4th at 293. *Helix* turned on one of those provisos — when a daily-rate employee may still be exempt from overtime pay.

*Helix* explained that an employee may still be exempt by HCE even though his pay is computed on a daily basis, rather than on a weekly, monthly, or annual basis. *Helix I*, 15 F.4th at 291. But because Section 602(a) expressly does not cover daily pay structures, Section 604(b) is the "special rule that must be satisfied before an hourly or daily rate will be regarded as a salary." *Id.* (internal marks omitted). The Section 604(b) salary basis test for a daily-rate worker is met "only 'if' two conditions are met: the minimum weekly guarantee condition and the reasonable relationship condition." *Id.* The employer in *Helix* did not comply with either condition:

A daily-rate employee like Hewitt is not paid on a salary basis under Section 602(a) of the Secretary's regulations. He may qualify as paid on salary only under Section 604(b). Because Hewitt's compensation did not meet Section 604(b)'s conditions, it could not count as a salary. So Hewitt was not exempt from the FLSA; instead, he was eligible under that statute for overtime pay.

*Helix II*, 143 S. Ct. at 692.

4

**ANALYSIS**

Like *Helix*, the competing motions "turn[] solely on whether [Greinstein] was paid on a salary basis." *Id.* at 684. Therefore, the Section 604(b) "salary basis" analysis developed in *Helix* applies with equal force to the Section 604(a) "salary basis" question at issue in this case.

Section 602(a) and Section 604(b) "work[] in tandem" to "offer non-overlapping paths to satisfy the salary-basis requirement, with Section 604(b) taking over where Section 602(a) leaves off" for daily-rate workers. *Helix II*, 143 S. Ct. at 689. Similarly, "Section 604(a) tak[es] over where Section 602(a) leaves off" for additionally-compensated workers. *Id.* "To properly understand and apply the salary-basis test, we must examine not only the general rule, but also any exceptions or provisos that bear upon a particular fact pattern." *Helix I*, 15 F.4th at 293. "Viewing the regulations as a whole," this Court concludes Defendants have failed to demonstrate that Greinstein and the other Plaintiffs are exempt from overtime. *See id.*

The general rule begins: "An employee will be considered to be paid on a salary basis within the meaning of this part if the employee regularly receives each pay period *on a weekly, or less frequent basis*, a predetermined amount constituting all or part of the employee's compensation." *Id.* (quoting Section 602(a)) (emphasis in original). "The rule further provides that 'an exempt employee must receive the full salary for any week in which the employee performs any work *without regard to the number of days or hours worked.*'" *Id.* (quoting Section 602(a)) (emphasis in original). Defendants want Section 602(a) to control, and understandably so. Section 602(a)(1)'s last sentence is a "no work, no pay" clause that permits employers to not pay salaried employees "for any workweek in which they perform no work."

Of course, some employers may wish to provide an exempt employee with additional compensation without losing the exemption or violating the "salary basis" requirement. "The

Secretary has accommodated this practice by promulgating a special rule dictating what conditions must be satisfied before [additional compensation] will be regarded as salary." *Helix I*, 15 F.4th at 293. That rule is Section 604(a). "Under this rule, an employee's earning can [include 'additional compensation' — generally overtime or performance-based incentives] '*without losing the exemption or violating the salary basis requirement*' — but only 'if' certain other conditions are met." *Id.* (emphasis in original) "That is, an employer can [provide additional compensation under Section 604(a)] and still satisfy the salary-basis test of Section 541.602 — but only 'if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis." *Id.* at 293–94.

Section 604(b) — specific to daily, hourly, and shift workers — entails a two-prong test: (1) a "minimum weekly guarantee"; and (2) a "reasonable relationship" inquiry to ensure the weekly guarantee is not a charade. *Id.* at 294. Section 604(a) — specific to employees paid a flat rate plus additional compensation — imposes only a minimum weekly guarantee. *See* 29 C.F.R. § 604(a). The Fifth Circuit made clear that "guarantee" means "guarantee." *Helix I*, 15 F.4th at 295–96 (reasoning that an employee *receiving* the weekly minimum is not tautologic with an employer *guaranteeing* the weekly minimum). This Court interprets "guarantee" in the context of Section 604(a) in accord with Section 604(b) as interpreted by the *Helix* decisions — it means "guarantee."

The structure of Sections 602 and 604 supports this interpretation. Section 602(a) provides no qualifiers. Indeed, it is self-identified as the "general rule" for salaried employees — regular pay without add-ons. *See id.* at 291 ("As a matter of common parlance, we typically associate the concept of 'salary' with the stability and security of a regular weekly, monthly, or annual pay structure."). Because Section 602(a) is the general rule, it is not applicable to payment schemes

beyond its limited purview — vis-à-vis *Helix*'s application of Section 604(b). In contrast, Section 604(a) starts with the separate and specific situation — "an exempt employee *with additional compensation*" — and Section 604(b) likewise claims province over "an exempt employee" whose earnings are "*computed on an hourly, a daily or a shift basis*." And both require a weekly guarantee. Neither subsection of Section 604 is in tension with Section 602(a) because the latter does not apply to the "particular fact pattern[s]" identified by the text of Section 604's two subsections.

Similarly, *Helix II* reasoned that "[t]he broader regulatory structure — in particular, the role of Section 604(b) — confirms our reading of Section 602(a)." *Helix II*, 143 S. Ct. at 688. "[Section] 604(b) lays out a second path — apart from Section 602(a) — enabling a compensation scheme to meet the salary basis requirement." *Id.* at 688–89 (internal marks omitted). "And that second route is all about daily, hourly, or shift rates." *Id.* at 689 The same is true here: Section 604(a) lays out yet another path. And this path is all about additional compensation. An employee's earnings, Section 604(a) provides, may include additional compensation without "losing the exemption or violating the salary basis requirement" so long as an employer "also" provides a guarantee of weekly payment. *Compare id.* Accordingly, these motions require the Court to "do nothing more than apply the plain text of the regulations." *Helix I*, 15 F.4th at 293. The regulations "require payment even when an employee does not work *only when the employer also provides additional compensation*" as is the case here. ECF No. 235 at 9.

Like *Helix*, Defendant's compliance with Section 602 does not pardon non-compliance with Section 604 — "an employer must comply with *all* relevant regulations." *Id.* at 297. Greinstein and the other Plaintiffs' offer letters promise "a weekly salary" at a set rate "regardless of the number of hours worked in the week." *See* ECF No. 196-1 at 17, 172–92. So far so good

under 602(a). Next, the letters provide for additional compensation — "straight-time overtime" or a preset rate — and several letters even use the phrase "additional compensation." *See id.* Thus, Section 602 is no longer applicable, and Section 604(a) "take[s] over." *Id.*; *Helix II*, 143 S. Ct. at 689. "Indeed, [Section 541.604(a)] makes this explicit: It says that an otherwise exempt employee who is paid [additional compensation] loses the exemption and violates the salary basis requirement unless the employer complies with [Section 541.604(a)]." *Helix I*, 15 F.4th at 297 (internal marks omitted). And like *Helix*, "[an additionally-compensated] employee like [Greinstein] is not paid on a salary basis under [Section 602(a)] of the Secretary's regulations. *Helix II*, 143 S. Ct. at 692. "He may qualify as paid on salary only under [Section 604(a)]." *Id.* "Because [Greinstein]'s compensation did not meet [Section 604(a)]'s conditions, it could not count as a salary." *Id.* "So [Greinstein] was not exempt from the FLSA; instead, he was eligible under that statute for overtime pay." *Id.*

Finally, Defendants cite a series of "Practical Workplace and Economic Realities" as examples of how this application of Section 604(b) belies the purposes of the FLSA. *See* ECF No. 239 at 13, 24–38. But the Court's job "is to follow the text — not to bend the text to avoid perceived negative consequences for the business community." *Helix I*, 15 F.4th at 297. Considering the text of the FLSA, its implementing regulations, and the precedent established by the *Helix* cases, this Court interprets Section 604(a) to control the payment scheme in this case.

**SO ORDERED**.

June 9, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE