IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 28 2023

CLERK, U.S. DISTRICT COURT
By_____
Deputy

HERMAN GREINSTEIN, Individually and
For Others Similarly Situated,

        Plaintiff,

v.

GRANITE SERVICES
INTERNATIONAL, INC., *et al.*,

        Defendant.

2:18-CV-208-Z-BR

## ORDER

Before the Court is Defendants' Motion to Certify the June 9, 2023 Order adopting the Magistrate Judge's findings, conclusions and recommendation (ECF No. 235) ("FCR") — with additional clarification (ECF No. 248) ("June 9 Order") — for Section 1292(b) Interlocutory Appeal and to Administratively Close and Stay Case Pending Resolution on Appeal, filed on June 14, 2023 (ECF No. 256) ("Motion"). Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion.

### BACKGROUND

The facts of this case have been more thoroughly recounted several times. *See, e.g.*, ECF Nos. 58, 126. In summary, Greinstein and several opt-in plaintiffs (together "Plaintiffs") argue they are owed overtime pay for various periods of work in various positions of employ. Their employers — Granite Services International, Inc. and Fieldcore Services Solutions, LLC (together, "Defendants") — argue Plaintiffs are "exempt" from overtime pay under either the (1) highly compensated employee exemption ("HCE") or (2) executive, administrative, or professional ("EAP") exemption.

In the June 9 Order, this Court found that neither exemption was applicable as a matter of law because Defendants failed to comply with 29 C.F.R. § 604(a) as interpreted by the Fifth Circuit and Supreme Court's reasoning as to the corresponding subpart — Section 604(b) — in the *Helix* Opinions.[1] In light of the Fifth Circuit and Supreme Court's opinions in the *Helix* Opinions, the Court determined that Defendants were required to provide Plaintiffs with a weekly guarantee. The Fifth Circuit interpreted guarantee to mean just that — *guaranteed* — in the pay scheme contemplated by 29 C.F.R. § 541.604(b). The "no work, no pay" clause of 29 C.F.R. § 541.602(a)(1) — that "[e]xempt employees need not be paid for any workweek in which they perform no work" — was inapplicable because the daily, hourly, shift pay structure of Section 604(b) was the proper statute rather than the basic "salary basis" of Section 602(a). Guided by the *Helix* Opinions, this Court determined that the "[m]inimum guarantee plus extras" scheme contemplated by Section 604(a) was the proper statute rather than the basic "salary basis" of Section 602(a). Applying the same word — "guarantee" — in the same way as the Fifth Circuit and Supreme Court in the *Helix* Opinions, Defendant's compensation scheme for Plaintiffs failed to satisfy the requirements for either posited overtime exemption. Each of Plaintiffs' offer letters promised a set pay on a "weekly, or less frequent basis" — as contemplated by Section 602(a), "plus extras" — as contemplated by Section 604(a) — but *none* of Plaintiffs' offer letters included a "guarantee" as defined by the Fifth Circuit and Supreme Court vis-à-vis Section 604(b) in the *Helix* Opinions.

Accordingly, the Court denied the parties' competing Motion for Summary Judgment and Motion for Partial Summary Judgment. Defendants now seek appellate review of the June 9 Order.

---

[1] The Court refers to the opinions of the Fifth Circuit — 15 F.4th 289 (5th Cir. 2021) (*Helix I*) — and the Supreme Court — 143 S. Ct. 677 (2023) (*Helix II*) —together as the "*Helix* Opinions." *See* ECF No. 248 at 1, n.1.

LEGAL STANDARD

Section 1292(b) expressly permits a district court to certify an order for interlocutory appeal only if it (1) "involves a controlling question of law"; (2) as to which "there is substantial ground for difference of opinion"; and (3) that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 2902(b); *see also Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 721–23 (N.D. Tex. 2006); *Atain Specialty Ins. Co. v. Triple PG Sand Dev., LLC*, No. 4:21-CV-02122, 2023 WL 2774459, at *1 (S.D. Tex. Apr. 4, 2023). "[T]he decision to permit such an appeal is firmly within the district court's discretion" but "Section 1292(b) is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Flowserve*, 444 F.Supp.2d at 722 (internal marks omitted). Nor does the fact that "a court is the first to rule on a question . . . qualify the issue as one over which there is substantial disagreement." *Id.* (internal marks omitted). The Court finds that these factors are satisfied, and this case warrants interlocutory review.

1. **This issue is a controlling question of law.**

To merit interlocutory appeal under Section 1292(b), an issue must involve a "question of law" — "not fact" or "the application of settled law to disputed facts." *Id.* Resolution "should not require the appeals court to go hunting through the record to see whether a genuine issue of material fact may be lurking there." *Id.* (internal marks omitted). Moreover, that question of law must be "controlling," meaning "the certified issue has precedential value for a large number of cases." *Id.* at 723 (internal marks omitted).

The June 9 Order concerns three interrelated questions of law: (1) whether this compensation scheme is governed by Section 604(a) or Section 602(a); (2) if Section 604(a) governs, whether the "no work, no pay" clause of Section 602(a) nonetheless applies vis-à-vis the

3

presence of "salary basis" in Section 604(a); and finally, (3) whether Defendants were required to pay Plaintiffs a weekly guarantee as interpreted by the *Helix* Opinions. This Court determined that: (1) Section 604(a) applies; (2) the "no work, no pay" clause of Section 602(a)(1) does not apply to Section 604(a); and so (3) Defendants were required to pay a weekly guarantee as interpreted by the *Helix* Opinions.

Moreover, these questions are potentially determinative. Neither the FCR nor the Order addressed issues "beyond Section 541.604, except those relating to the good faith affirmative defenses," because they were not necessary to dispose of then-pending motions. ECF No. 235 at 6. However, if it is true that the compensation scheme at issue: (1) is governed by Section 602(a) only; (2) is governed by Section 604(a) but must nonetheless apply the "no work, no pay" clause of Section 602(a)(1); or (3) Defendants were *not* required to pay Plaintiffs a weekly guarantee to maintain the exemption, then Defendants "could theoretically succeed upon victory as to either [EAP or HCE] exemption." *Id.* at 5. Thus, these issues are both questions of law and *controlling*.

### 2. There is substantial ground for difference of opinion.

Courts have found substantial ground for difference of opinion where "novel and difficult questions of first impression are presented." *Flowserve*, 444 F.Supp.2d at 723. Due to the recency of the *Helix* Opinions — especially the Supreme Court's February 2023 affirmance of the Fifth Circuit's September 2021 opinion — the impact of that reasoning presents a novel and difficult question of first impression: *does 29 C.F.R. § 604(a) require a weekly guarantee even in weeks where no work is performed – like Section 604(b) — when the compensation scheme is a weekly minimum paid on salary basis plus extras?* In Defendants' words: "this Court treads new ground based on a regulatory interpretation that no court has ever undertaken before." ECF No. 256 at 6. While Defendants are correct that "no court has ever undertaken" this interpretation of

4

Section 604(a), that is because this Court's Section 604(a) interpretation is now guided by the *Helix* Opinions' analogous analysis of Section 604(b).

Defendants' Motion cites several cases wherein other circuits affirmed an exemption: *Anani v. CVS RX Servs, Inc.*, 730 F.3d 146 (2d Cir. 2013) (exemption still applied even though employees only received a guaranteed base salary so long as they worked at least once hour in any work week); *Bell v. Callaway Partners, LLC*, 394 Fed. Appx. 632 (11th Cir. 2010) (exemption still applied even though salary was not paid in weeks where the project was shut down completely and no work was performed); *Coates v. Dassault Falcon Jet Corp.*, 961 F.3d 1039 (8th Cir. 2020) (same); *Acs v. Detroit Edison Co.*, 444 F.3d 763 (6th Cir. 2006) (exemption still applied even though predetermined salary was subject to certain deductions); *Parmar v. Safeway Inc.*, 2011 WL 888238 (W.D. Wash. Mar. 14, 2011) (same).

None of these cases turned on Section 604(a), or even meaningfully addressed that subpart. And all of these cases predate *Helix II*. However, the Fifth Circuit issued two dissenting opinions encompassing seven judges *in toto*. Thus, if there was "significantly great" disagreement amongst the Fifth Circuit as to Section 604(b), it is reasonable to expect the same in the context of Section 604(a). *See Flowserve*, 444 F.Supp.2d at 724 ("In the end, 'substantial' means just that — significantly great.").

So, while there is no post-*Helix II* caselaw specifically addressing Section 604(a), the Court nonetheless "believe[s] that a reasonable appellate judge *could* vote for reversal." *Flowserve*, 444 F.Supp.2d at 723 (quoting *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. Section 1292(b)*, 88 HARV. L. REV. 607, 623 (1975)) (emphasis added). The propriety of interlocutory appeal may be valid even if the court is "confident in its decision." *Hopkins v.*

5

*Cornerstone Am.*, 2007 WL 9772306 (N.D. Tex. Aug. 1, 2007). That said, the Court finds this factor to weigh in favor of granting appeal, too.

### 3. Immediate appeal from the Order may materially advance the ultimate termination of the litigation.

This final factor considers "whether permitting an interlocutory appeal will speed up the litigation." *Flowserve*, 444 F.Supp.2d at 723 (internal marks omitted). In effect, the Order "prohibit[s] Defendants from arguing Greinstein and the other Plaintiffs were exempt employees at trial." ECF No. 235 at 12, n.7. Because Section 1292(b) is designed to minimize burdens by accelerating or simplifying trial court proceedings," granting interlocutory appeal must "speed up the litigation." *Flowserve*, 444 F.Supp.2d at 723 (internal marks omitted). This final factor also weighs in favor of granting Defendants' Motion.

Some courts have considered whether "reversal of the district court's opinion would result in dismissal of the action." *Id.* That may be the case here, as the FCR states. *See* ECF No. 235 at 5 ("Defendants' Motion could theoretically succeed upon victory as to either exemption, but first Defendants must past through one final gate" — 29 C.F.R. § 604(a).). On the other hand, if the Fifth Circuit were to affirm this Court's Order, then litigation may proceed having provided "certainty to the parties." ECF No. 256 at 12. Defendants' Motion states such certainty "undoubtedly would assist in the resolution of the remainder of the issues in this case and may assist in settlement negotiations between the parties." *Id.* (internal marks omitted). Even if settlement is not the end of this case, "[t]he parties would be proceeding to trial knowing for certain that Plaintiffs' status as non-exempt employees is the law of this case." *Id.* (internal marks omitted). Therefore, the Court finds that immediate appeal from the Order may well materially advance the ultimate termination of the litigation — by summary judgment, settlement, or preempting post-trial appeal.

6

CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **ORDERS** that this Court's June 9 Order is certified for interlocutory appeal under 28 U.S.C. § 1292(b). Additionally, the Court **ORDERS** this case stayed and administratively closed pending such review. The Clerk of the Court is hereby **DIRECTED** to administratively close this case pending appellate review.

Finally, the Court **ORDERS** the parties to submit a joint notice to the Court within seven days of the Fifth Circuit's resolution of this appeal, the parties' settlement, or any other significant change in this case.

**SO ORDERED**.

June 28, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

7