UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| HERMAN GREINSTEIN, Individually and For Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRANITE SERVICES INTERNATIONAL, INC. and FIELDCORE SERVICES SOLUTIONS, LLC,<br><br>　　　　Defendants. | Case No. 2:18-cv-00208-Z-BR |

**DEFENDANTS' MOTION TO RECONSIDER DENIAL
OF MOTION FOR SUMMARY JUDGMENT**

On June 28, 2023, this Court certified for interlocutory appeal its decision denying Defendants' motion for summary judgment, and stayed this case pending resolution of such appeal. *Greinstein v. Granite Servs. Int'l, Inc.*, 2023 WL 5167606 (N.D. Tex. June 28, 2023) (ECF No. 260). Subsequently, the U.S. Court of Appeals for the Fifth Circuit agreed to hear the appeal. After full briefing and oral argument, on August 13, 2024, the Fifth Circuit reversed this Court's denial of summary judgment to Defendants. *Greinstein v. Granite Servs. Int'l Inc.*, 2024 WL 3771455 (5th Cir. Aug. 13, 2024) (ECF No. 268). On September 4, 2024, the Fifth Circuit's mandate issued, remanding the case to this Court for further proceedings in accordance with the Fifth Circuit's opinion. (ECF No. 269.)

Now that the Fifth Circuit has overturned the sole basis for this Court's denial of summary judgment, Defendants respectfully request that the Court reconsider its ruling and enter summary judgment in favor of Defendants. The Fifth Circuit relied upon an opinion it published after this interlocutory appeal was accepted as grounds for its remand. *See Gentry v. Hamilton-Ryker IT*

*Solutions, Inc.*, 102 F.4th 712 (5th Cir. 2024). In the interim, it issued another opinion, on September 4, 2004, that further supports Defendants' summary judgment. *See Venable v. Smith Int'l, Inc.*, 2024 WL 4033126 (5th Cir. Sept. 4, 2024). In total, since the time this Court adopted the magistrate judge's recommendation to deny summary judgment, the Fifth Circuit has decided no fewer than four cases confirming that Plaintiffs were paid on a salary basis (including *Greinstein*, *Gentry*, *Venable*, and *Hebert v. FMC Techs., Inc.*, 2023 WL 4105427 (5th Cir. June 21, 2023)). Good cause exists for consideration of these supplemental authorities because they address the inapplicability of 29 C.F.R. § 604(b) to this remanded matter, while reinforcing that Defendants complied with 29 C.F.R. § 602(a) and § 604(a).

## STANDARD OF REVIEW

Because this Court's order denying summary judgment was interlocutory in nature, the Court possesses the inherent power under Federal Rule of Civil Procedure 54(b) to reconsider it. *Texas v. Mayorkas*, 2022 WL 4240894, at *1 (N.D. Tex. 2022) (Kacsmaryk, J.). Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims." "[W]hether to grant such a motion rests within the discretion of the court." *Mayorkas*, 2022 WL 4240894, at *1. While the "precise standard" under Rule 54(b) is unclear, "considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Id* (quoting *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009)). Under Rule 59, the Court may alter its prior ruling "to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019); *see also Ovalle v. United Rentals (North America), Inc.*, 2021 WL 6777008 (N.D. Tex. 2021)

(Kacsmaryk, J.). Here, the Fifth Circuit has clarified the salary basis requirement of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), which resolves the controlling question of law certified to it by this Court.[1]

With the benefit of the Fifth Circuit's recent opinions, it is clear that Plaintiffs lack any legal authority to oppose Defendants' motion for summary judgment. Reconsideration of the Court's earlier decision will give effect to the new Fifth Circuit guidance and allow this Court to end this aged case.

## ARGUMENT

In its decision reversing this Court's interpretation of the salary basis requirements of 29 C.F.R. § 602 and § 604(a), the Fifth Circuit held that its recent opinion in *Gentry* resolved "the key question certified to us by the district court." *Greinstein*, 2024 WL 377145, at *2. Under *Gentry*, 29 C.F.R. § 604(a) supplements § 602 "by allowing an employer to give an employee additional compensation without jeopardizing his salary-basis status." *Greinstein*, 2024 WL 3771455, at *2. That is exactly what Defendants did here in guaranteeing a weekly salary for any amount of work (even one hour), while paying extra for hours worked beyond the standard 40. Defendants thus satisfied § 602 and § 604(a).[2] The Fifth Circuit therefore reversed the sole basis for this Court's denial of summary judgment to Defendants.

---

[1] In the event the Court chooses another procedural path to determine whether any issues remain after remand, Defendants request the Court's permission to provide the supplemental authorities submitted herein under Local Rule 56.7.

[2] In *Gentry*, the court ruled in favor of the plaintiffs because they were not guaranteed a full week's worth of pay, but only 8 hours. *Gentry*, 102 F.4th at 720. In contrast, Plaintiffs here were guaranteed the equivalent of 40 hours, *i.e.* a standard workweek. *See, e.g.*, *Anani v. CVS RX Servs., Inc.*, 788 F. Supp. 2d 55, 67 (E.D.N.Y. 2011), *aff'd*, 730 F.3d 146 (2d Cir. 2013) (in § 604(a), the words "'the normal workweek' clearly contemplate a forty (40) hour workweek"); *Rindfleisch v. Gentiva Health Servs., Inc.*, 962 F. Supp. 2d 1310, 1321 (N.D. Ga. 2013) ("'beyond the normal workweek' signifies hours worked in excess of forty").

3

When this Court certified its summary judgment opinion for interlocutory appeal, the Court noted that 29 C.F.R. § 604(a) presented "one final gate" that "Defendants must pass through" to succeed on their motion for summary judgment. *Greinstein v. Granite Servs. Int'l, Inc.*, 2023 WL 5167606, at *3 (N.D. Tex. June 28, 2023). That final gate has now been traversed. In denying Defendants' motion for summary judgment, the Court utilized a rationale that Plaintiffs, by their own admission, did not advance. Put differently, the Court was not persuaded by Plaintiffs' core arguments, which are now all that remain. Accordingly, nothing now prevents the Court from granting summary judgment for Defendants, and dismissing Plaintiffs' claims with prejudice.

As detailed in the memoranda of law Defendants previously submitted in connection with their motion for summary judgment (*see infra*), and as recently confirmed by the Fifth Circuit, both the law and the undisputed facts support summary judgment for Defendants. Defendants thus request reconsideration of their motion for summary judgment on all of Plaintiff Herman Greinstein's claims under the FLSA; on the FLSA claims of Opt-In Plaintiffs Eric Farmer, Antonio Flores, Stephen Jones, Byron White, Kathleen Cancienne, Edwin Collazo, Jesse Jackson, Calvin Oberndorfer, Adilson Quintela, Culton Speer, Matthew Starr, Altonia Williams, and Ray Hightower; and for other and further relief as the Court deems just and proper.

In support of this request, Defendants respectfully refer the Court to their previously submitted Memorandum of Law dated December 2, 2022 (ECF No. 195); Appendix under Local Rule 56.6 (ECF No. 196); Reply Brief dated February 14, 2023 (ECF No. 219); Reply Appendix (ECF No. 220); Supplemental *Helix* Brief dated April 3, 2023 (ECF No. 229); and Supplemental Brief per Court Order dated April 27, 2023 (ECF No. 234). Defendants submit, now that the Fifth Circuit has resolved the sole issue on appeal in favor of Defendants, there is ample ground in the existing record to support entry of judgment for Defendants.

To the extent Plaintiffs may believe they still have an argument to evade summary judgment based on § 604(b), the Fifth Circuit expressly declined to address "Greinstein's alternative argument that he is not exempt from the FLSA under 29 C.F.R. § 541.604(b)." *Greinstein*, 2024 WL 3771455, at *2. Plaintiffs already raised that alternative argument in prior proceedings here, and this Court already rejected it—twice. As this Court has repeatedly recognized, § 604(b) is "specific to daily, hourly, and shift workers." *Greinstein v. Granite Servs. Int'l, Inc.*, 2023 WL 3933079, at *4 (N.D. Tex. June 9, 2023); *see also Greinstein v. Granite Servs. Int'l, Inc.*, 2023 WL 3264049, at *3 & n.1 (N.D. Tex. May 4, 2023) ("The relevant provision for the purposes of this case is § 541.604(a) because it is applicable to employees paid on a weekly basis, like Greinstein and the other Plaintiffs, in contrast to § 541.604(b), which is applicable to workers paid on 'an hourly, a daily or a shift basis.'"); *accord Trottier v. FieldCore Servs. Sols., LLC*, 2022 WL 658765, at *7 (N.D. Tex. Mar. 4, 2022) (Kacsmaryk, J.) ("As for any 'reasonable-relationship test' argument parties make, the Court finds the test is of no consequence in this case. . . Defendant pays Plaintiff weekly.")

If that were not enough, the Fifth Circuit recently held, in a highly analogous case, that "the 'reasonable relationship' requirement [of § 604(b)] does not apply" to a "hybrid compensation structure" consisting of a weekly salary plus additional payments on an hourly, daily, or shift basis. *Venable*, 2024 WL 4033126, at *2-3. In *Venable*, supervisors on offshore drilling rigs received both a salary that "more than satisfies the requisite guaranteed minimum weekly salary requirement" and "additional day rate pay" for each day spent on a customer's rig. *Id.* at *3. This hybrid compensation structure satisfied § 604(a), as Plaintiffs' weekly salary plus additional hourly pay did here. "[T]he reasonable relationship test only applies in § 604(b) compensation schemes, not § 604(a) compensation schemes." *Id.*; *see also Hebert*, 2023 WL 4105427, at *2 &

5

n.5 (affirming exempt status of installation engineer paid a bi-weekly salary plus day-based additional premium pay under § 602(a) and § 604(a), and holding § 604(b) inapplicable because "plaintiff was paid a guaranteed bi-weekly salary"); *accord Anani*, 788 F. Supp. 2d at 67 ("[I]f the guaranteed salary was for 40 hours of work, then any additional compensation was payment for hours 'beyond the normal workweek' and did not need to satisfy the reasonable relationship test in section 604(b).").

## CONCLUSION

Because the Fifth Circuit held that Plaintiffs' compensation structure satisfied § 602 and § 604(a), and this Court has repeatedly held that § 604(b) does not apply to this case (consistent with recent Fifth Circuit precedent), it is now ripe to enter summary judgment in favor of Defendants. For these reasons and those discussed in Defendants' prior briefing on their motion for summary judgment, Defendants respectfully request that the Court reconsider its prior ruling and grant summary judgment for Defendants.

In the alternative, if the Court believes additional, targeted briefing regarding the impact of the recent Fifth Circuit decisions would be necessary or helpful, Defendants would respectfully request a briefing schedule on their renewed motion for summary judgment.

Dated: September 13, 2024

Kelly D. Utsinger
Texas Bar No. 20416500
kelly.utsinger@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
500 S. Taylor, Suite 1200 LB 233
Amarillo, Texas 79101
Tel: (806) 376-5613
Fax: (806) 379-0316

Respectfully submitted,

By: */s/Brett C. Bartlett*

Brett C. Bartlett*
Georgia Bar No. 040510
bbartlett@seyfarth.com
Kevin M. Young*
Georgia Bar No. 183770
kyoung@seyfarth.com
Zheyao Li
Texas Bar No. 24096419
yaoli@seyfarth.com
SEYFARTH SHAW LLP

      1075 Peachtree Street, N.E., Suite 2500  
      Atlanta, Georgia 30309-3958  
      Telephone: (404) 885-1500  
      Facsimile: (404) 892-7056  

*Admitted pro hac vice*

***Counsel for Defendants Granite Services International, Inc. and FieldCore Service Solutions, LLC***

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on September 13, 2024, I conferred with counsel for Plaintiffs regarding the relief requested in this motion. Plaintiffs oppose this request.

>  /s/Zheyao Li
> Zheyao Li
> *One of Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2024, I electronically filed this motion with the Clerk of Court for the United States District Court for the Northern District of Texas via the CM/ECF system, which will accomplish service upon all counsel of record.

                                                   */s/Zheyao Li*
                                                   Zheyao Li
                                                   *One of Counsel for Defendants*